George V. ERSLON, et al.,
Plaintiffs-Appellants,

v.

VEE–JAY CEMENT CONTRACTING
COMPANY, INC., and Maryland Casualty Company, Defendants-Respondents.

No. 51324.

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 1987.

Jesse W. Ullom, Clayton, for plaintiffs-appellants.

Ben Ely, Jr., St. Louis, for defendants-respondents.

KELLY, Judge.

Appellants are both the individual trustees of Cement Masons' Local 527 Health and Welfare Trust Fund which administers benefit plans providing weekly disability and medical care expenses for its participants and also General American Life Insurance Company, the insurer of the union fund. They appeal from the trial court's order sustaining the joint motion of Vee-Jay Cement Contracting Company, Inc., and its insurer Maryland Casualty Company, respondents herein, to dismiss the appellants' petition seeking restitution for failure to state a claim upon which relief can be granted. We affirm.

■■■ In reviewing the trial court's dismissal of appellants' petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 [1] (Mo. banc 1985). Thus, a pleading will not be adjudged insufficient if the allegations of the petition, accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief. *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 263 [2] (Mo.App.1984). But a motion to dismiss on the ground that the petition failed to state a cause of action is well taken where the petition wholly fails to state a cause of action, that is, where the facts essential to a recovery are not pleaded. *Id.* [3].

Appellants filed a single count petition against both respondents and also Frank J. Cusumano, an employee of Vee-Jay Cement Contracting Company. In the petition appellants alleged that Cusumano, a participant in the union disability and medical care expense plan, made a claim on October 1, 1980, to the trust fund for benefits following injuries to his neck and back which he represented were not work-related. Under the trust fund's plan and its insurer's policy, these benefits were not payable where coverage was provided under the workers' compensation law. Appellants paid Cusumano $6,258.65 for medical expenses and $2,000.00 in disability benefits for a total of $8,258.65, the last payment being made on February 17, 1981.

However, Cusumano also filed a workers' compensation claim against respondents stating that these same injuries were an occupational injury. The date he filed this claim is not set out in the petition. Appellants further alleged that this claim was resolved on July 22, 1981, by respondents' payment to Cusumano of $13,577.35 "based upon an approximate disability of 32½% of the body referable to the cervical area, plus $877.35 for outstanding medical expense which has not been paid through employee's union, plus $1,000 for temporary total disability."

Appellants averred that their payments of $8,258.65 to Cusumano "were made in error under the mistake of fact" that his injuries were not "work related"; accordingly, "Cusumano was not entitled to receive any part of said monies." Appellants then alleged that respondents had separate and joint obligations both under Chapter 287, the Workers' Compensation law, and also under Maryland Casualty's insurance contract with Vee-Jay, to pay the occupationally-related injury disability and medical expense benefits represented by appellants' payment to Cusumano. The petition concluded that respondents and Cusumano were unjustly enriched at appellants' expense and that appellants' demand for restitution of the $8,258.65 was refused.

Respondents filed a joint motion to dismiss which the trial court granted, designated as final, and an appeal ensued. This court held the failure to dispose of defendant Cusumano precluded the finality of the judgment for purposes of appeal and dis-

missed the appeal in *Erlson v. Cusumano,* 691 S.W.2d 310, 311[6] (Mo.App.1985).

Despite clear dicta suggesting to appellants the better course of action on remand, *Id.* at 312, appellants instead elected to dismiss without prejudice their claim against defendant Cusumano. After appellants' voluntary dismissal of Cusumano, the trial court reinstated its previous order sustaining the joint motion to dismiss. In this posture the case has resurfaced here for our reconsideration of appellants' challenge to the trial court's dismissal of their petition against respondents Vee-Jay and Maryland Casualty.

Appellants' sole point relied on contends that the trial court erred in dismissing their petition for failure to state a claim. Appellants assert that the petition alleges sufficient facts to show that respondents were unjustly enriched at appellants' expense because appellants erroneously paid to a third person (Cusumano) a sum of money that was an obligation actually owed him by respondents under a statutory and contractual duty. Appellants argue that their averments that they made payments to a third party when those payments were not their obligation, but were respondents', present a claim for restitution based on the theory of unjust enrichment.

 Unjust enrichment occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust. *Green Quarries, Inc. v. Raasch,* 676 S.W.2d at 264 [7]. The principle of unjust enrichment has given rise to the doctrine of quasi-contract, also known as a contract implied in law, as a theory of recovery. *Id.* [4]. Courts generally recognize that the essential elements of quasi-contract or contract implied in law are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. *Id.* The most significant requirement is that the enrichment to the

defendant be unjust; that retention of the benefit be inequitable. *Id.* [9].

Appellants acknowledge their action against respondents differs from the usual restitution case because their monetary payments were made to Cusumano, a third party; therefore, no direct payments were ever paid respondents by appellants. However, appellants buttress their position by relying chiefly upon Restatement of Restitution § 118 (1937) which provides in part as follows:

§ 118. PROPERTY TAKEN BY THIRD PERSON TO SATISFY A DEBT OF ANOTHER OR A LIEN UPON HIS PROPERTY.

A person whose property has been appropriated by a third person in entire or partial discharge of the debt of another, or of a lien upon the other's property, is entitled to

(a) indemnity from the other, if the other or his property was solely subject to the duty or lien, or if, as between the two, the other or his property was primarily subject to the debt or lien:

Appellants would have us read this section as it applies to them that "appellants whose property of $8,258.65 in payments has been appropriated by Cusumano in entire or partial discharge of the debt of respondents, are entitled to indemnity from the respondents, if the respondents were solely subject to the duty or lien, or if, as between the two, respondents were primarily subject to the debt or lien."

This court has found no authority in Missouri or elsewhere that relies on § 118 to support the novel argument advanced by appellants. Section 118 addresses the situation where property is taken to satisfy a "debt" of another. The essence of a "debt" is a legal liability on the part of one person to pay money to another at some time, which liability is enforceable by a judicial action. *Kidd v. Puritana Cereal Food Co.,* 145 Mo.App. 502, 122 S.W. 784, 788 [4] (1909). In differentiating between a tax and a debt, this court has said that "[a] debt is a sum of money due by certain and express agreement. It originates in,

and is founded upon contract, express or implied." *Forest City Manufacturing Co. v. Levy*, 33 S.W.2d 984, 985 [1] (Mo.App. 1931). Keeping in mind the legal meaning of "debt", we do not find that the obligation, if any, which arose between Cusumano and respondents for the payment of certain medical expenses and disability benefits, is accurately characterized as a "debt" within the meaning used in § 118 of the Restatement of Restitution.

■ Appellants stress that nothing in basic principles of restitution requires either a direct relationship between the parties or the actual receipt of money or property and argue that respondents did receive a benefit from appellants. According to appellants, the benefit respondents received was that their statutory and contractual obligations for medical expenses and disability benefits owed Cusumano were met in full, but only by virtue of the contribution made by appellants' payments to Cusumano. Appellants calculate that respondents' compromise settlement of the workers' compensation claim, when combined with appellants' payments to Cusumano, equalled the total entitlement otherwise owed Cusumano under the workers' compensation law. Appellants argue that respondents capitalized on appellants' payments to reduce respondents' total legal obligation to Cusumano.

Appellants' argument reveals the achilles' heel of their pleadings. Even giving the pleadings their broadest intendment, the allegations that respondents entered into a settlement agreement with Cusumano in his workers' compensation claim against them and that respondents had a legal obligation under workers' compensation to pay the benefits represented by appellants' payments do not give rise to the presumption that appellants ever assumed a statutory duty owed Cusumano by respondents under the workers' compensation law. The allegations are deficient because the mere resolution of Cusumano's workers' compensation claim by a compromise settlement does not imply that respondents would otherwise be fully liable to the extent that appellants argue is authorized

under the workers' compensation law. Appellants overlook that a compromise settlement indicates only the resolution of a disputed claim, and is not an adjudication of liability or a finding that Cusumano's injuries were work-related. Thus, the essential element lacking in appellants' petition is acceptance and retention by respondents of a benefit under circumstances in which retention without payment would be unjust. *See Green Quarries*, 676 S.W.2d at 264.

While appellants do not sufficiently allege a cause of action against respondents, we reiterate that appellants are not without a remedy. They clearly have a cause of action against Cusumano personally for the recovery of whatever sums they erroneously paid based on his representation to them that his injuries were not job-related. Judgment affirmed.

SATZ, P.J., and CRIST, J., concur.