STATE of Missouri, ex rel. Curtis HOEFT, Relator,

v.

The Honorable Jack L. KOEHR, Judge of the Circuit Court of St. Louis City, Missouri, 22nd Judicial Circuit, Division One, Respondent.

No. 61002.

Missouri Court of Appeals, Eastern District, Writ Division One.

March 10, 1992.

James P. Holloran, P.C., Thomas L. Stewart, St. Louis, for relator.

Blackwell Sanders Matheny Weary & Lombardi, William H. Sanders, Sr., Kansas City, Kortenhof & Ely, P.C., Joseph M. Kortenhof, Edward V. Crites, Armstrong, Teasdale, Schlafly & Davis, James J. Virtel, Ann E. Buckley, St. Louis, for respondent.

PUDLOWSKI, Judge.

Relator, Curtis Hoeft, seeks a writ of mandamus to command respondent judge to reinstate relator's petition which was dismissed for improper venue. We issued a preliminary writ on November 6, 1991, and we now quash that writ. The case is remanded to the trial court to transfer to a circuit where venue is proper.

Relator was severely injured when a 40 foot extension ladder he was working with came into contact with a power line. The power line was owned and maintained by the City of Columbia's Water and Light Department. Relator brought a cause of action in St. Louis City against Emerson Electric Company (Emerson), the manufacturer of the ladder used by relator, and Union Electric Company (UE), one of the suppliers of electricity to Columbia. Venue in St. Louis City was based on UE's presence as a defendant in the lawsuit. UE filed a motion for summary judgment based on its liability and the trial court granted this motion and dismissed UE from the case. The trial court then granted Emerson's motion for summary judgment finding that the joinder of UE was pretensive and therefore that venue was improper as to Emerson. This proceeding in mandamus followed.

■ The sole issue before this court is whether the joinder of UE was pretensive so as to make venue improper as to Emerson. If the relator improperly joined UE then venue as to Emerson would not be proper. *See State ex rel Coca Cola v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). Courts recognize pretensive joinder "(1) where the pretensive nature of the joinder appears on the face of the pleadings and (2) when there is in fact no cause of action against the resident defendant." *Id.* This court dealt with the latter instance in the case of *Bottger v. Cheek*, 815 S.W.2d 76 (Mo.App.1991).

In *Bottger*, a medical malpractice case, the plaintiff filed suit in the City of St. Louis against several defendants, only one of which was a resident of the City. At the time the plaintiff's lawyer filed the petition he had information which would indicate a cause of action existed against Barnes Hospital, the resident defendant. Later, through discovery, the plaintiff's lawyer learned that the facts he had based this cause of action on against Barnes Hospital had not in fact occurred and Barnes was dismissed from the case. *Id.* at 79. A judgment was eventually returned against the non-resident defendant, Dr. Cheek, and he appealed claiming the judgment should be declared void because venue was improper in the City of St. Louis.

■ In deciding whether joinder was pretensive as to Barnes Hospital this court stated that we look to see if "the information available at the time of filing was such as to give rise to a reasonable legal opinion that a submissible case could be made against the resident defendant." *Id.* We went on to state that "the standard is an objective one, perhaps more appropriately denominated as a 'realistic belief' that under the law and the evidence a justiciable claim exists." *Id.* In *Bottger* we found the plaintiff had a realistic belief that a justiciable claim existed against Barnes based on the information the plaintiff's lawyer had at the time of the filing. It was

irrelevant that this information was subsequently discovered to be erroneous. *Id.*

■ In the case at hand the relator based his venue in the City of St. Louis on a cause of action against UE. UE supplied power to the City of Columbia but Columbia owned and maintained the power lines. "The duty and responsibility of a mere generating company is limited to making a proper connection and delivering the electric current to the purchaser's wires and appliances in a manner which, so far as delivery is concerned, protects life and property, and there is no duty of inspection to see that purchaser's wires are in a safe condition and kept so." *Smith v. Southwest Missouri Co.*, 333 Mo. 314, 62 S.W.2d 761, 763 (1933). However, if the generator has knowledge of the dangerous and defective condition of its customer's equipment and still supplies current to that equipment it can be held liable. *Id.* Thus, since UE was a mere generator of power it could only be held liable if it knew of the alleged dangerous and defective condition of the power line that injured relator.

■ Therefore, for venue purposes concerning Emerson, relator would have to have had a realistic belief at the time of filing that UE knew of the dangerous and defective condition of the power line. However, the only information the relator had at the time of filing was that UE sold electrical power to the City of Columbia and that his injuries were caused by his ladder coming into contact with a power line. Unlike *Bottger*, where the plaintiff was able to point to a specific fact to support her belief that a cause of action existed against Barnes Hospital, here the relator had no information at the time of filing that UE had knowledge of the problem with the power line. The mere fact that UE supplied electricity to the City of Columbia in no way indicates that UE had knowledge of problems with the City of Columbia's power lines. Thus, we find that the relator did not have a realistic belief that a justiciable claim existed against UE at the time of filing and, therefore, joinder of UE was pretensive and venue was improper as to Emerson.

The preliminary writ of mandamus is partially quashed. The order of the respondent judge dismissing UE is sustained. The order of the respondent judge dismissing Emerson for lack of venue is vacated and the respondent judge is ordered to transfer the cause of action against Emerson to the proper venue. § 476.410 RSMo Supp.1990. *See State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991).

SIMON, P.J., and SATZ, J., concur.