Richard B. MEIER and Cheryl Z. Clark, Plaintiffs–Appellants,

v.

BOATMEN'S BANK OF ROLLA (formerly Centerre Bank of Rolla), Defendant–Respondent.

and

Casper A. Thorpe and Rose M. Thorpe, Defendants.

No. 18272.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 2, 1993.

David M. Duree, Nicholas B. Carter of Reinert, Duree & Crane, P.C., St. Louis, for plaintiffs-appellants.

No appearance for defendant-respondent.

MONTGOMERY, Presiding Judge.

On July 10, 1986, Plaintiffs, Richard B. Meier and Cheryl Z. Clark, filed this action against Defendants, Casper A. Thorpe, Rose M. Thorpe, and Boatmen's Bank of Rolla (formerly Centerre Bank of Rolla).[1] Plaintiffs' action is one for "wrongful foreclosure." With leave of court, an Amended Petition was filed May 4, 1992. The Amended Petition alleged that on June 6, 1986, at the direction of the Defendants, the trustee in a deed of trust sold land owned by Plaintiffs. The Plaintiffs had previously executed a deed of trust in favor of Defendants Thorpe, securing the payment of certain notes. After execution of the notes, allegedly three of the four notes were assigned to Defendant Bank. The petition alleged that by reason of the conduct of the Defendants in accepting late payments on the notes, Defendants waived any right to insist upon prompt payments and thus had no right to foreclose. The Thorpes purchased the land at the foreclosure sale. The Amended Petition sought actual and punitive damages.

The Defendant Bank, on June 23, 1992, filed a motion for summary judgment pur-

---

1. This case was previously before us in *Meier v. Thorpe*, 822 S.W.2d 556 (Mo.App.1992). A summary judgment, on unrelated grounds, in favor of the Thorpes against Plaintiffs was reversed and the cause remanded.

suant to Rule 74.[2] The motion alleged the Bank was entitled to judgment as a matter of law for lack of evidence that the Bank "participated in any fashion in the foreclosure, or the decision to foreclose...." The motion pointed to certain evidence which allegedly established that Defendant Bank did not participate in any of the wrongful acts alleged by Plaintiffs. That conclusive evidence was alleged to be:

A. The affidavit of Harry W. Dalton, who at the time of the facts alleged in Plaintiffs' Amended Petition was the vice president in the loan department for Centerre Bank of Rolla, now Boatmen's Bank of Rolla, and was the official of said bank who dealt with Defendants Thorpe on all matters related to this action, states that the bank took no part in either the decision to foreclose or the foreclosure proceedings, and that that matter was left wholly up to the discretion of Defendants Thorpe.

B. In their Answers To Interrogatories propounded by Plaintiffs, filed with the court on February 2, 1989, the Thorpes stated that Defendant Boatmen's Bank of Rolla's agent, Harry Dalton, with respect to the decision to foreclose, told Casper A. Thorpe "that's up to you", and further stated that with regard to the decision to foreclose, "it was the decision of Defendant, Casper A. Thorpe and Rose M. Thorpe, alone, to foreclose.

C. In the answers of Defendant Boatmen's Bank of Rolla to interrogatories propounded by Plaintiffs, in response to a question[s] concerning whether or not the bank had ever instructed Defendants Thorpe to foreclose, the bank stated "No".

Plaintiffs filed "Suggestions of Fact and Law" opposing the Bank's motion for summary judgment with the affidavit of Plaintiff Meier attached. The affidavit recited, in part, (1) the notes secured by the deed of trust were assigned to the Bank where Plaintiffs delivered all payments by check payable to the Bank; (2) that copies of the assignments and notices of the assignments received by Plaintiffs were attached to the affidavit;[3] (3) that attached was a copy of a letter dated October 10, 1984, from Harry Dalton (Vice President of the Bank) to Defendants Thorpe and sent to Plaintiffs. The letter acknowledges the Bank "holds assignments" on the notes in question, that Plaintiffs' payments are to be made to the Bank and further explains the amount of each note payment with an indication that one payment will be applied to the Thorpes' note; (4) that attached was a letter dated April 25, 1986, from the Bank's counsel to Plaintiffs which indicates the Thorpes pledged the notes in question to the Bank as collateral security for a loan. The letter concludes by saying, "At the request of Mr. and Mrs. Thorpe and by reason of the default in the monthly installment payments due on the notes, this letter will serve as formal notice to you that [the Bank] as the holder of the notes has declared all indebtedness evidenced by the notes immediately due and payable and herewith makes demand upon you for immediate payment of the two notes in full."

Plaintiffs' suggestions ask the Court to consider the deposition testimony of Plain-

---

2. Rule references are to Missouri Rules of Court (1992), unless otherwise indicated.

3. The assignments attached to Plaintiff's affidavit apparently refer to two of the three notes in question. Yet, Defendant Casper A. Thorpe's deposition testimony indicates all three notes were separately assigned to the Bank. At that point in the deposition, the attorneys for the Thorpes and the Bank stipulated that all three notes were assigned to the Bank as "collateral security for the loan [from the Bank] to the Thorpes." Plaintiffs' attorney was not a party to this stipulation. However, whether the third note was assigned to the Bank (under the same terms as the other two notes) is not crucial to our decision. Terms of the assignments read: "For valuable consideration [Defendants Thorpe] hereby assign and transfer to [Bank] the annexed promissory note, together with all their right, title and interest in and to the same." Annexed to each assignment is a notice to Plaintiffs which recites: "[W]e have ... assigned and transferred your debt to us ... to [Bank] who is now the owner thereof, and we hereby request and direct that you make all further payments thereof to the said [Bank] and we declare that its receipt shall discharge you from said debt." We find no language in these documents indicating the notes were pledged "as collateral security for the Bank's loan to Thorpes."

tiff Meier on March 11, 1988. There, he testified of his agreement with Thorpes to make late payments and that he advised Harry Dalton of such agreement to which Dalton replied, "Fine." Later, Plaintiff testified he asked Dalton "how come the Bank was foreclosing...." Dalton replied, " 'Cause we own the notes."

Plaintiffs' suggestions further refer to the testimony of Defendant Casper A. Thorpe in his March 11, 1988, deposition, where the following exchange occurred:

Q. If Mr. Meier made a payment that was late on one of these notes, would it be Mr. Dalton that decided whether to accept it or not?

A. He was the one that was in charge of that, yes.

Q. Did he consult you at all with respect to whether or not to accept any late payments?

A. Yes.

Q. So that the two of you were the ones that actually decided whether or not to accept the payment or not?

A. Yes.

The trial court entered an order granting the Bank's motion for summary judgment. The order recited, in part:

[B]ased on the pleadings and evidence submitted, the court finds that there is no genuine issue as to any material fact and that the [Bank] is entitled to judgment as a matter of law....

Plaintiffs appeal. Their principal point is that the trial court erred in sustaining the motion for summary judgment because the affidavits, exhibits, and deposition testimony established that a genuine issue of material fact does exist "as to whether [Bank] participated in the decision and actual acceleration of the promissory notes and foreclosure." For reasons which follow we hold the trial court erred in sustaining the Bank's motion for summary judgment.

■ Summary judgment may be granted only when the pleadings, depositions, admissions, and affidavits on file

show that there is no genuine issue as to any material fact. Rule 74.04(c); *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 884 (Mo.App.1985). Summary judgment is appropriate only when the record discloses no theory that would permit recovery, and the moving party is entitled to summary judgment as a matter of law. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). An appellate court must consider whether there is a material issue of fact in dispute and whether the prevailing party was entitled to judgment as a matter of law. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990).

■ We review the record on summary judgment in the light most favorable to the party against whom summary judgment was rendered, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). If a genuine issue of material fact exists, summary judgment is inappropriate. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d at 494. A genuine issue of fact exists when there is the slightest doubt about a fact. *Gast*, 739 S.W.2d at 546.

■ To succeed against a motion for summary judgment, the opposing party must "set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact." *Jennings v. City of Kansas City*, 812 S.W.2d 724, 728 (Mo.App.1991). The evidence of the opposing party "must demonstrate a factual question that would permit a reasonable jury to return a verdict for the non-moving party." *Id.*

■ Viewing the record, as we must, in the light most favorable to Plaintiffs, we believe there is a genuine issue of material fact. The affidavits, depositions and admissions in the record reveal factual disputes concerning whether (1) the notes in question were assigned outright to the Bank or conditionally assigned as collateral security for a debt,[4] (2) the Bank agreed to

---

4. An absolute assignment "divests the assignor of all interest in the thing assigned, and vests the same in the assignee." *Farmers Ins. Co., Inc.*

*v. Effertz*, 795 S.W.2d 424, 426 (Mo.App.1990). For purposes of maintaining a civil action on the thing assigned "the assignee becomes the

258

allow Plaintiffs to make late payments, (3) the Bank declared the notes immediately due and payable, and (4) the Bank determined to proceed with foreclosure.

Concerning (2), (3) and (4), the conflicting facts are obvious with only a casual comparison of Plaintiff Meier's affidavit and his deposition testimony to Harry Dalton's affidavit and the interrogatory answers referred to in the Bank's motion. These facts appear earlier in this opinion, bespeak a sharp controversy and require no repetition here. If believed, Plaintiffs' evidence would permit a reasonable jury to return a verdict for them.

Clearly, genuine issues of material fact exist in this case. Therefore, summary judgment is inappropriate. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d at 494.

The judgment is reversed and the cause remanded.

FLANIGAN and GARRISON, JJ., concur.

real party in interest." *C & M Developers, Inc. v. Berbiglia*, 585 S.W.2d 176, 181 (Mo.App.1979). Conversely, a conditional assignment made as collateral security for a debt does not divest the assignor of all right or interest in the thing assigned and the assignor retains sufficient right or interest therein to qualify as a real party in interest in order to maintain a civil action. *Id.* Here, the Thorpes would have no right to fore-

close if they made an absolute assignment to the Bank. The evidence is conflicting on whether Thorpes made a conditional or absolute assignment to the Bank.