STATE of Missouri ex rel. UNITED
INDUSTRIES CORPORATION
and David Pratt, Relators,

v.

The Honorable Thomas C. MUMMERT,
III, Judge of the Circuit Court of the
City of St. Louis, Missouri, Respondent.

No. 65690.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1994.

J. William Newbold, II, St. Louis, for appellant.

Theodore David Ponfil, Virginia C. Carmody, James D. Bass, Clayton, for respondent.

CARL R. GAERTNER, Judge.

United Industries Corporation (United) and David Pratt, chairman of the board of United, seek a writ prohibiting the Honorable Thomas C. Mummert from taking further action in a breach of contract and fraud suit on the ground that venue in the City of St. Louis was improperly acquired by plaintiff's pretensive joinder of The Equitable Life Assurance Society of the United States (Equitable). We issued a preliminary writ of prohibition which we now make absolute.

In the underlying action, plaintiff, Linda Bara–Albanese, filed suit against United, Pratt, Equitable, and Chemisco, a division of United, seeking damages for breach of contract and fraud.

Plaintiff's husband, James J. Albanese, worked for a number of years at Chemisco. Prior to 1989, during a meeting with Chemisco's officers, Albanese learned that Chemisco was the owner and beneficiary of three policies of insurance on his life, which United had purchased in Chemisco's name from Equitable. During this meeting, plaintiff alleges, Chemisco agreed to assign to Albanese the proceeds of the life insurance policies if he continued in the employ of Chemisco and trained someone to succeed him.

On January 8, 1992, Albanese died. In a letter to Equitable dated April 13, 1992, plaintiff stated that she was asserting a claim to the proceeds of the insurance policies. In a return letter dated April 16, 1992, Equitable informed plaintiff that she was not the named beneficiary on the policies and requested that she submit a claim with a statement providing information or documentation supporting her claim to the benefits. Equitable made the same requests to plaintiff's counsel in subsequent telephone conversations.

On April 24, 1992, plaintiff sent Equitable a letter in which she claimed Chemisco, United and Spectrum Group, another division of United, had agreed to assign the proceeds of the policies to Albanese. In response, Equitable's attorney, Albert Lawler, contacted plaintiff's attorney, Virginia Carmody, and informed her that under the terms of the policies an assignment could only be made by filing a written instrument with Equitable. Lawler asked Carmody if there was a written assignment. Carmody stated that there may or may not be such an instrument but that it

was impossible for her to know at that stage of her investigation. Lawler informed Carmody that plaintiff's claim was spurious and that Equitable would pay the proceeds of the policies to United unless plaintiff obtained an injunction to stay such action. Carmody claims Lawler told her Equitable would pay the proceeds to United unless plaintiff filed suit by May 4, 1992.

Plaintiff filed a petition on May 4, 1992. In the first count, plaintiff sought damages from United and Equitable for breach of contract, alleging that Albanese performed his obligations pursuant to his agreement with Chemisco but that Chemisco and Equitable refused to pay plaintiff the proceeds of the policies. Alternatively, plaintiff sought a court order "allowing Equitable to interplead and deposit into the registry of the court the proceeds" of the insurance policies. In her next two counts, plaintiff sought damages from United and Pratt for breach of contract and fraud.

Equitable filed a motion to dismiss which was overruled on July 8, 1992. Fourteen days later, Equitable filed a motion for judgment on the pleadings or to reconsider its motion to dismiss or, in the alternative, for summary judgment. This motion was granted on February 28, 1994.

On July 2, 1992, United and Pratt filed a motion to transfer the case, alleging that venue in the City of St. Louis was improper because the joinder of Equitable, the only defendant who resides in St. Louis, was pretensive. Respondent overruled this motion on February 28, 1994.

United and Pratt filed a petition for a writ of prohibition with this court. We issued a preliminary order in prohibition on March 18, 1994.

 If plaintiff improperly joined Equitable, through whom venue in the City of St. Louis was acquired, venue as to United and Pratt would be improper. *See State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984); *State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 870 (Mo.App. 1993); *State ex rel. Hoeft v. Koehr,* 825 S.W.2d 65, 66 (Mo.App.1992). It is well-settled that venue is pretensive if the petition

fails on its face to state a claim against the resident defendant through whom venue is acquired. In such a case, the court has no jurisdiction to proceed against the remaining non-resident defendants. *Toastmaster,* 857 S.W.2d at 870; *Hoeft,* 825 S.W.2d at 66; *Kloos v. Corcoran,* 643 S.W.2d 94, 96 (Mo. App.1982).

 Missouri is a "fact pleading" state, *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 379 (Mo. banc 1993), requiring that a petition contain a short and plain statement of facts showing that the pleader is entitled to relief. § 509.050.1(1) RSMo.Supp.1993; Rule 55.05; *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 21 (Mo. banc 1983); *Berkowski v. St. Louis County,* 854 S.W.2d 819, 823 (Mo.App.1993). In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated. *Murphy v. A.A. Mathews,* 841 S.W.2d 671, 672 (Mo. banc 1992); *Commercial Bank,* 658 S.W.2d at 21–22; *Berkowski,* 854 S.W.2d at 823; *Erslon v. Vee–Jay Cement Contracting Co.,* 728 S.W.2d 711, 712 (Mo.App.1987). A pleading will only be adjudged insufficient if it wholly fails to state a cause of action by failing to include facts essential to a recovery. *Erslon,* 728 S.W.2d at 712.

 In the present case, plaintiff claims she stated a cause of action against Equitable in the first count of her petition in which she sought damages for breach of contract. In this count plaintiff alleged that Chemisco "agreed to assign to plaintiff the proceeds of all the life insurance policies insuring" the life of Albanese so long as he continued to work for Chemisco. The only salient facts alleged as to Equitable provided that Equitable issued the insurance policies, held the proceeds, and refused to pay the proceeds to plaintiff despite her repeated demands, thereby damaging plaintiff in the amount equal to the face value of the policies.

 There is no question that plaintiff would be the real party in interest for purposes of maintaining a civil action against

Equitable for the proceeds of the policies if they had been assigned. *See Meier v. Boatmen's Bank of Rolla*, 846 S.W.2d 254, 257–58, n. 4 (Mo.App.1993). However, plaintiff's petition fails to allege that Chemisco actually assigned the proceeds. It only mentions an *agreement* to assign. "A mere agreement to assign a debt or chose in action at some future time will not operate as an assignment thereof so as to vest any present interest in the assignee." *City of Kansas City v. Milrey Development Co.*, 600 S.W.2d 660, 664 (Mo. App.1980); (quoting 6A C.J.S. Assignments § 45); *see also* 6 Am.Jur.2d Assignments § 83. Therefore, plaintiff's allegation of an agreement to assign, even if true, is insufficient to vest in plaintiff a right of action against Equitable. As a stranger to the insurance contracts, she lacks the privity necessary to sue Equitable to enforce the contracts. *See Milrey*, 600 S.W.2d at 664; 17A C.J.S. Contracts § 518.

 Plaintiff claims that even if the agreement to assign was not a legal assignment, it clearly was an equitable assignment. No particular form is necessary to constitute an equitable assignment, so long as there is: (1) an intention to assign; (2) an assent to receive; and (3) consideration. *Estate of Harvey v. Luther College*, 802 S.W.2d 585, 587 (Mo.App.1991); 6A C.J.S. Assignments § 53(a); 6 Am.Jur.2d Assignments § 83. To create an equitable assignment, there must be an actual or constructive appropriation of the subject matter in order to confer a complete and present right on the party meant to be provided for. 6A C.J.S. Assignments § 53(b); 6 Am.Jur.2d Assignments § 83. Furthermore, the assignor "must unequivocally part with the power of control over the thing assigned, and if he retains control it is fatal to the claim of the assignee. There must be some character of delivery, actual or symbolic, or some act to place the fund beyond the control of the assignor." 6A C.J.S. Assignments § 53(c); *see also* 6 Am.Jur.2d Assignments § 83; 101 A.L.R. 81.

Plaintiff failed to plead any facts showing any act by Chemisco to place the insurance policies beyond its control. In order to assign the policies or change the beneficiary, the policies required Chemisco to do so in writing and to deliver the writing to Equitable. Such an act by Chemisco would have exhibited an intent to assign the policies and to relinquish control over the policies. Plaintiff, however, failed to plead any such facts. Plaintiff pled facts showing a mere executory agreement to assign.

We need not address the argument that plaintiff, at the time of the filing of her petition, may have possessed a realistic belief that under the law and the evidence to be developed by discovery a justiciable claim existed. This second alternative test of pretensive joinder is not reached unless the plaintiff's petition alleges facts upon which relief may be granted against the resident defendant.

Plaintiff failed to plead facts showing privity of contract with Equitable entitling her to sue to enforce the insurance policies. The pleading wholly fails to state a cause of action against Equitable. Therefore, joinder of Equitable was pretensive and venue is improper as to United and Pratt. Accordingly, we order our preliminary writ of prohibition be made permanent and direct respondent to take no further action in this case except to transfer the cause to a circuit court of proper venue.

CRAHAN, P.J., and SIMON, J., concur.