HALAMICEK BROS., INC., Appellant,

v.

ST. LOUIS COUNTY, Respondent.

No. 65733.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 13, 1994.

W. Dudley McCarter, David M. Stolze, St. Louis, for appellant.

John A. Ross, Robert E. Fox, Jr., Clayton, for respondent.

CRIST, Judge.

Halamicek Bros., Inc. (Halamicek) appeals from the trial court's order granting St. Louis County's motion to dismiss for failure to state a cause of action. We affirm.

Halamicek filed a petition alleging St. Louis County committed fraud and made negligent misrepresentations to Halamicek in connection with the St. Louis County Records Center project. In addition, Halamicek alleged St. Louis County was unjustly enriched by the work it did in preparing its design proposal for the project. Counsel for St. Louis County filed a motion to dismiss for failure to state a cause of action pursuant to Rule 55.27(a)(6). In its memorandum in support of the motion to dismiss, St. Louis County argued Halamicek's claims were barred either because St. Louis County was protected by sovereign immunity, or because there was no valid written contract between the parties. The trial court granted the motion to dismiss without stating the reasons for its decision.

On appeal, Halamicek argues the trial court erred in dismissing its petition because it contained sufficient allegations to support claims of negligent misrepresentation, fraud and unjust enrichment, and these claims were not barred by sovereign immunity.

The appellate court will reverse the trial court's dismissal of a pleading for failure to state a claim upon which relief can be granted if, after viewing the pleading in its broadest intendment, treating all facts alleged as true and construing all allegations favorable to the plaintiffs, the averments invoke principles of substantive law which may entitle plaintiffs to relief. *Erslon v. Vee–Jay Cement Contr. Co.*, 728 S.W.2d 711 (Mo.App. 1987).

In its petition, Halamicek alleged the following: In January of 1993, St. Louis County began negotiations to lease a building located at 10275 Page Industrial Boulevard from Mendel Properties for the purpose of records storage. Halamicek had originally constructed the building for Mendel Properties and was named by Mendel Properties as the building design contractor. Halamicek drew up plans to convert the building into a records center and submitted them to St. Louis County. After reviewing Halamicek's plans and cost estimates, St. Louis County informed Halamicek the bid was too high and retained another contractor to do the work. Halamicek alleged St. Louis County had already represented it had the contract before it presented its design package, and St. Louis County then utilized portions of Halamicek's design package in soliciting bids from other contractors.

First, Halamicek's claims of negligent misrepresentation and fraud, to the extent they involve tortious liability, are barred by sovereign immunity. Halamicek argues sovereign immunity does not apply in this case because St. Louis County was performing a proprietary rather than governmental function. However, all of the cases Halamicek relies upon involve municipalities rather than counties. *See, e.g., Lamar v. City of St. Louis*, 746 S.W.2d 160 (Mo.App.1988). "Though the doctrine of sovereign immunity protects a municipality only against claims which arise from exercise of its governmental function, a county is protected against all claims." *Coleman v. McNary*, 549 S.W.2d 568, 569 (Mo.App.1977); *See also,* § 537.-600.1, RSMo Supp 1993.

Second, to the extent Halamicek's negligent misrepresentation and fraud claims are based on the contract the parties allegedly entered into, they are also barred because the petition fails to allege there was an enforceable written agreement between the parties. Section 432.070, RSMo 1986, states:

> No *county,* city, town, village, school township, school district, or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; *and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.*

Halamicek argues the allegations in its petition were sufficient to support a cause of action premised upon a misrepresentation of a material fact according to *Ideker, Inc. v. Missouri State Highway Commission,* 654 S.W.2d 617 (Mo.App.1983). In *Ideker,* a contractor brought an action ex contractu, in the nature of breach of warranty, against the Missouri State Highway Commission. The contractor's claim, like Halamicek's negligent misrepresentation claim, was based upon a positive representation made by a governmental entity which was later found to be incorrect. *Id.* at 621 [1]. However, in *Ideker,* the contractor had already entered into an enforceable contract with the Missouri State Highway Commission and was merely trying to recover for the additional expenses it incurred because its bid was premised upon an incorrect material fact. *Id.* Here, even though Halamicek alleges St. Louis County made positive representations which were later found to be false, it fails to allege the parties *ever* entered into an enforceable written contract. Dismissal for failure to state a cause of action is proper where facts essential to recovery are not pled. *Erslon,* 728 S.W.2d at 712 [3].

Finally, Halamicek argues it is entitled to recover against St. Louis County under a theory of unjust enrichment because it benefitted from the work Halamicek did in preparing plans for the record center. However, no equitable remedy is available against a governmental entity where the contract forming the basis for relief fails to comply with all mandatory constitutional and statutory provisions. *See, Kennedy v. City of St. Louis,* 749 S.W.2d 427, 433–34 [2] (Mo.App. 1988). As the Missouri Supreme Court stated in *Donovan v. Kansas City,* 352 Mo. 430, 175 S.W.2d 874, 881 [9] (Mo. banc 1943):

> [T]he law will not make that valid without a writing which the law requires to be in writing; that no cause of action, whether on quantum meruit, or in damages, arises from a void contract; that although the municipality possessed the necessary corporate authority, the statute prescribed the manner for its exercise and it could not be exercised otherwise....

Without evidence of a valid written contract, recovery for unjust enrichment, an equitable remedy, is also precluded. Point denied.

Judgment affirmed.

CRANE, P.J., and CRANDALL, J., concur.