EMPLOYERS INSURANCE OF WAUSAU, Plaintiff/Respondent,

v.

CRANE CO., d/b/a National Vendors, Defendant/Appellant.

No. 66636.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Thomas J. Magee, Cynthia A. Sciuto, Moser & Marsalek, P.C., St. Louis, for appellant.

Ernie Brasier, Law Offices of Mark R. Rudoff, St. Louis, for respondent.

SMITH, Presiding Judge.

Defendant, Crane Co., appeals from summary judgment granted to plaintiff, Employers Insurance of Wausau (Wausau) on its claim for unjust enrichment. We reverse and remand.

Isaac Little, an employee of Crane, was injured in September 1985, when a fellow employee struck him with an iron pipe and injured his left hand. Crane was insured for worker's compensation by Wausau. Little required surgery for the injury. Wausau paid employee total temporary disability and medical benefits. Employee returned to work in early 1986 but continued treatment with the surgeon. On April 1, 1986, defendant became a self-insurer for worker's compensation. In July, 1986, employee complained of numbness in the fourth and fifth fingers of his left hand, and additional surgery was performed. In the fall of 1987 employee complained of additional problems with the left hand. Carpal tunnel syndrome was the diagnosis and surgery was performed to alleviate the problems. The surgeon could not determine whether the problems of 1987 were the product of the prior injury in 1985 or were from a repetitive motion work related injury.

Employee filed an addition to the 1985 worker's compensation claim and also filed a new claim against Crane both covering the 1987 symptoms. Plaintiff paid employee's medical benefits ($6494.75) and temporary total disability ($2642.73) for the symptoms manifested in 1987. Crane and employee settled the claim arising from the 1987 symptoms. The settlement acknowledged that employee had been paid $2642.73 for temporary total disability and $6494.75 for medical benefits. The settlement recited:

> There are disputes between the employer and the employee as to the accidental injury/occupational disease, notice, rate of compensation, interest, amount owing as and for claimed temporary total disability, the nature and extent of permanent disability, disfigurement, the cost and need for medical treatment, and medical causation between the accidental injury/occupational disease and the claimed injuries.

The total lump sum settlement was $18,140, which included $8000 from the Second Injury Fund. The 1985 injury claim was subsequently determined by an administrative law judge but no ruling was made on the 1987 claim because that had been settled. Plaintiff sought a credit for the payments made after manifestation of the 1987 symptoms but the administrative law judge declined to grant such credit because Crane had not received notice and opportunity to present evidence. Plaintiff then brought this suit in circuit court for unjust enrichment.

Both parties filed motions for summary judgment. The court found that the employee suffered two separate and distinct work-related claims and that plaintiff's payments to the employee were part of the consideration for a negotiated settlement. As a result the court found defendant was unjustly enriched at plaintiff's expense.

We addressed a very similar scenario in *Erslon v. Vee–Jay Cement Contracting Company, Inc.,* 728 S.W.2d 711 (Mo.App. 1987). As we stated therein:

Unjust enrichment occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust ... The principle of unjust enrichment has given rise to the doctrine of quasi-contract, also known as a contract implied in law, as a theory of recovery ... Courts generally recognize that the essential elements of quasi-contract or contract implied in law are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. [4–6].

In that case we held that unjust enrichment did not occur because the settlement of the employee's worker's compensation was only the resolution of a disputed claim, and not the adjudication of liability or a finding that the employee's injuries were work-related. Here the settlement agreement specifically states that there are disputes between the employee and the defendant on a substantial number of items including causal connection between the occupational disease and the injury. The medical experts were in considerable disarray on that issue. One expert attributed all of employees problems to the 1985 incident. Two experts believed the 1987 symptoms were unrelated to the 1985 incident. The treating physician was unable to reach a conclusion on the relationship. Nothing in the settlement indicates that the amount which defendant was willing to pay to settle the case was in any way determined by the payments made by the plaintiff or that the amount the employee was willing to accept was affected by the plaintiff's payments. The settlement was a resolution of a disputed claim between the employer and the employee as in *Erslon.* As we stated in that case the compromise settlement is not an adjudication of liability or a finding that the employee's 1987 symptoms were work-related. Therefore the essential element of acceptance and retention by defendant of a benefit under circumstances in which retention without payment would be unjust is not present here.

The trial court distinguished *Erslon* on two bases. The first was that the plaintiff in *Erslon* had made its payment pursuant to an agreement between it and the employee rather than because of a statutory obligation. The decision in *Erslon* was based on the failure of the defendant to receive an unjust enrichment. The circumstance of why the plaintiff made the payment does not relate to that issue. The second distinction found by the court was that the settlement contained certain admissions which were not present in *Erslon.* The presence of admissions does not change the status of the agreement as a compromise settlement. The key issue of causation of the employee symptoms was not admitted. The trial court made a finding that there were two separate and distinct work related occurrences. The medical evidence is in dispute as to whether employee's 1987 symptoms were the result of the 1985 occurrence. That key issue would determine defendant's liability to employee for the 1987 symptoms. That disputed issue formed the basis for the settlement. *Erslon* is controlling and the trial court erred in granting plaintiff's motion for summary judgment. There is no dispute of *material* fact in this case. The trial court should have granted defendant's motion for summary judgment.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

PUDLOWSKI and WHITE, JJ., concur.