**JOHNSON GROUP, INC.,**
**Plaintiff/Appellant,**

v.

**GRASSO BROS., INC., and Tony Grasso and Joe Grasso, Defendants/Respondents.**

**No. 70601.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 18, 1997.

soon thereafter obtained Highland Packing (Highland) as a subtenant for Prince.

In the sublease signed between Prince and Highland, the two parties agreed if another party should acquire Prince's interest in the contract, Highland was to pay all rents due under the sublease agreement to the subsequent sublease holder. Contrary to the agreement they had signed earlier, Johnson and Prince agreed Johnson's commission would be paid out of a portion of Highland's monthly rent rather than be paid immediately up front. Johnson agreed to this despite the assignment of rent language in the sublease between Prince and Highland.

Toward the end of 1993 and the beginning of 1994 Prince began to experience financial difficulty. It failed to make all of its rental payments to Grasso. In addition, Prince was unable to pay Johnson its commission each month. In 1994 Prince filed bankruptcy and failed to pay Johnson the commission remaining on the Highland contract. Prince entered into an agreement with Grasso whereby it assigned its rights to the various subleases to Grasso. In return, Grasso agreed to release Prince of any obligations it owed under the original lease. Grasso then began to collect rent directly from Highland.

Johnson brought an action against Grasso arguing Grasso was liable for its commission under a quasi-contract theory. Johnson argued that by obtaining a subtenant for the warehouse it had conferred a benefit on Grasso the retention of which would be unjust if Grasso did not pay Johnson's commission. After discovery, the trial court granted Grasso's motion for summary judgment and this appeal followed.

Our review of a grant of summary judgment is essentially *de novo*. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). A defendant is entitled to summary judgment by showing: "1) facts that negate *any one* of the claimant's elements facts, 2) that the nonmovant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or 3) that there is no genuine dispute as to the exis-

Gary A. Growe, P.C., Clayton, for Plaintiff/Appellant.

Stephen J. Murphy, Sappington, for Defendants/Respondents.

PUDLOWSKI, Judge.

This is an appeal by Johnson Group, Inc. (Johnson) from a grant of summary judgment in favor of the defendant-respondent, Grasso Brothers, Inc. (Grasso). Because there is no genuine issue of fact and Grasso is entitled to judgment as a matter of law, we affirm.

In 1978 Grasso built a warehouse which it rented to Prince Gardner (Prince). In 1992 Prince decided to sublease the warehouse and hired Johnson to act as its agent in obtaining subtenants. In the agreement Johnson and Prince signed, Prince agreed to pay Johnson its commission immediately upon Johnson finding a subtenant. Johnson

tence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id* at 381.

■ The essential elements of a quasi-contract or a contract implied in law are: "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." *Erslon v. Vee–Jay Cement Contracting Co.,* 728 S.W.2d 711, 713 (Mo.App.1987), citing with approval *Green Quarries, Inc. v. Raasch,* 676 S.W.2d 261, 264 (Mo.App.1984).

■ Because there has been some confusion in past cases it is necessary to point out that in Missouri there exists two separate remedies for a recovery based upon quasi-contract: unjust enrichment and *quantum meruit. Koepke Const., Inc. v. Woodsage Const. Co.,* 844 S.W.2d 508 (Mo.App. E.D. 1992). While both require the *Erslon* elements, the amount of recovery is different under each. For a quasi-contract based upon unjust enrichment, "the amount of the recovery is not the actual amount of the enrichment, but the amount of the enrichment which, as between the two parties, would be unjust for one party to retain." *Id.* at 516. For a quasi-contract based upon *quantum meruit,* "the measure of recovery is the reasonable value of the goods or services furnished to the benefited defendant." *Id.* While *quantum meruit* offers a different remedy, it is based primarily on the principle of unjust enrichment. *International Paper Co. v. Futhey,* 788 S.W.2d 303, 306 (Mo.App. 1990). In the instant case Johnson, based upon the relief he sought, brought an action in *quantum meruit.*

■ Grasso argues it has presented facts which negate each of the *Erslon* elements. We find Grasso presented evidenced negating the third element,[1] the most significant requirement for a quasi-contract action. *Green Quarries,* 676 S.W.2d at 264.

In Missouri, the theory of quasi-contract has arisen most often in cases dealing with a homeowner, a general contractor and a subcontractor. *Green Quarries, Inc. v. Raasch, supra; International Paper Co. v. Futhey, supra; Koepke Const. v. Woodsage Const., supra.* The facts of these cases are similar to the instant case. In each case the subcontractor has performed work for the benefit of the general contractor, just as Johnson found a tenant for Prince. However, the subcontractor was never paid and the general contractor went into bankruptcy. The subcontractor then brought a quasi-contract action against the homeowner. In those cases, this court has recognized "the question of unjust enrichment focuses not upon what the contractor has received but rather what the owner has paid." *Koepke Const.,* 844 S.W.2d at 516, n. 3. Thus, "the crucial element of this case is whether the landowner has paid the general contractor." *International Paper Co.* 788 S.W.2d at 306. For "... it has been consistently held that non-payment by the owner is an essential element which must be pleaded and proved by a subcontractor seeking to establish a cause of action for *quantum meruit.* [Cites omitted]." *Id.* In cases where the landowner has given adequate consideration to the general contractor, the court has found no quasi-contract action exists, as equity will not require the landowner pay twice. *Id.*

In the instant case, focusing on what Grasso paid and not upon what Johnson has received, it is undisputed that under the 1994 agreement Grasso released Prince of all its past and future obligations under the lease. In consideration of the release, Prince assigned its rights to all rents due under the subleases to Grasso. Upon assuming these rights, Grasso also assumed the additional obligations to maintain the premises, pay taxes, and pay for insurance. Thus, Grasso did not receive something for nothing, but rather released Prince of all past and future obligations and assumed new obligations it did

---

1. We do not decide whether a benefit was conferred upon Grasso by Johnson. Johnson contends it did confer a benefit, while Grasso argues it did not. This distinction is not dispositive. Rather, we assume without deciding that John-son, by finding a tenant for Prince, conferred a benefit on Grasso. The important distinction is the one we examine; namely, whether the retention of the tenant without paying Johnson would be unjust. *Erslon,* 728 S.W.2d at 713.

not have before. Grasso, by giving this consideration to Prince, was like the homeowner who paid the general contractor. In such an instance, equity will not require Grasso to pay twice. *Id.*

Thus, Grasso presented facts negating the element of inequitable retention. Summary judgment was properly granted. The decision of the trial court is affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.