Scott A. **FRANKSEN, D.O.,** Appellant,

v.

Theodore **GEORGE, M.D.,** Jeanne De-motte, **M.D.,** Theodore George, **Inc.,** George Farms, **Inc.,** Jeanne M. De-motte, **Inc.,** Respondents.

No. WD 38470.

Missouri Court of Appeals, Western District.

Feb. 10, 1987.

Rehearing Denied March 31, 1987.

---

Kenneth E. Bigus, Sarah Toevs Sullivan, Kaplan, Shanberg, Bigus & Osman, Kansas City, for appellant.

Stanley M. Thompson, Driskill and Thompson, Richmond, for respondent(s).

Before TURNAGE, P.J., and SHANGLER and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

Scott A. Franksen sued Theodore George and Jeanne DeMotte, a married couple, for breach of an employment agreement. DeMotte and George, as well as three corporations they own, counterclaimed, claiming that Franksen in turn breached a contract to buy DeMotte's medical practice. After a bench trial, the court ruled that all parties were obligated to each other under a single contract, and that pursuant to said contract DeMotte and George owed Franksen $700.00 on his claim and Franksen owed DeMotte and George, et alia $27,500 in damages on their counterclaim.

None of the parties appealed the court's disposition of Franksen's claim, which has long since become a final judgment. However, Franksen appealed the court's disposition of DeMotte and George's claim against him, arguing that there was no existing, enforceable contract for sale of the medical practice, and that, if there was such a contract, damages under the contract were limited to $5,000 pursuant to a liquidated damages clause.

Affirmed.

Only a summary presentation of the facts is necessary.

In the spring of 1985, Franksen became interested in purchasing a medical practice belonging to Jeanne DeMotte and Jeanne DeMotte, Inc., together with the building and realty on which the practice was located and the furnishings and supplies used in the operation of the practice. The real estate, on the one hand, and furnishings and supplies, on the other hand, were owned by George's corporations George Farms, Inc. and Theodore George, Inc., respectively.

As part of the negotiations preliminary to sale of the practice, DeMotte orally agreed with Franksen that he could come to the practice and work certain days and that DeMotte would pay him $20 per hour for his services. After Franksen had worked a few days pursuant to that agreement, Franksen, DeMotte and George reached an oral agreement for sale of the practice (including the associated realty, furnishings and supplies).

After agreeing to sell the practice, DeMotte and George had a written agreement drawn, which incorporated both the employment and buy-sell agreements mentioned above. All parties signed the written agreement, but Franksen contends he never delivered it.

On the eve of what was to be the closing of their agreement, the parties became em-

broiled in dispute, resulting in the instant suit.

Franksen contends the trial court erred in finding that "a binding and mutual contract existed between the parties," because Franksen never delivered the written contract and because any such contract was mutually rescinded by the parties.

 Franksen's argument must fail, for he is estopped to deny the existence or validity of the contract. The trial court's judgment on Franksen's claim clearly rested on an essential finding that one contract between the parties governed both Franksen's employment claim and DeMotte and George's damages claim:

> Now therefore on this 20th day of May, 1986, the Court after mature and deliberate consideration in the premises finds that a binding and mutual contract existed between the parties. The Court finds that Plaintiff is entitled to judgment against Defendants for services rendered under *said* contract in the amount of Seven Hundred Dollars ($700). The Court further finds that Defendants are entitled to judgment against Plaintiff on Count II of Defendants' Counterclaim for damages sustained by Plaintiff's breach of *said* contract in the amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) (emphasis added).

The only putative contract covering both the employment and buy-sell issues was the written contract Franksen attacks in his brief; thus, the trial court's award to Franksen was premised on a finding that the written contract was valid and existing. By failing to appeal the judgment on his claim and allowing that judgment to become final, Franksen has become estopped to dispute the facts actually and necessarily decided by the court in that judgment. *See Sherwood Estates Homes Association, Inc. v. Schmidt,* 592 S.W.2d 244, 246 (Mo.App.1979); *Sunshine Realty Corp. v. Killian,* 702 S.W.2d 95 (Mo.App.1985). As in *Sherwood* and *Killian,* by allowing judgment on the merits on one claim in a multi-claim lawsuit to become final, a litigant may be precluded by collateral estoppel from disputing the findings of that judg-

ment in his appeal on the other claims. *Accord, Stover v. Patrick,* 459 S.W.2d 393, 397[3, 4] (Mo. banc 1970) (judgment on counterclaim res judicata of facts essential to claim). Thus, regardless of whether the trial court was correct in its conclusion that the written contract was "binding and mutual," *see Killian,* 702 S.W.2d at 99, Franksen has chosen to accept that finding to his benefit on his own claim; therefore, he cannot now avoid that finding, though it works to his detriment in the counterclaim.

Franksen next argues that even if the written contract was a binding obligation, his damages are limited to the amount of $5,000 under the liquidated damages clause in the written contract. The record is void of any suggestion that Franksen ever presented this argument to the trial court. "[O]ur review, even in court-tried cases, is limited to those issues put before the trial court." *Rietsch v. T.W.H. Co., Inc.,* 702 S.W.2d 108, 112[3] (Mo.App.1985). This court will not convict the trial court of error in failing to apply the liquidated damages clause when Franksen never presented the issue to the trial court.

The judgment of the trial court is affirmed.

All concur.