Bill ARNOLD d/b/a Arnold & Sons Excavating, Plaintiff–Respondent,

v.

Horace FLETCHER and Betty Fletcher, Defendants–Appellants.

No. 53915.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 29, 1988.

**262**

William Dustin Dye, Jr., St. Ann, for defendants-appellants.

Timothy Joseph Melenbrink, Union, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Bill Arnold d/b/a Arnold and Sons Contracting and Excavating (contractor), filed a breach of contract action against defendants, Horace and Betty Fletcher (owners), for money owed contractor for construction of a foundation for a modular home. Owners counterclaimed, alleging that contractor's services were not performed in a workmanlike manner. The cause was tried jury-waived. The trial court found in favor of contractor on his claim in the total amount of $3,872.69 plus interest and in favor of contractor on owners' counterclaim. Owners appeal only from the trial court's judgment on their counterclaim. We affirm.

Owners do not challenge the trial court's judgment in favor of contractor on contractor's primary claim against them. In finding for contractor on his breach of contract action, the trial court held that contractor's "work was performed and completed in a workmanlike manner." By allowing judgment on the merits on one claim in a multi-claim lawsuit to become

final, a litigant may be precluded by collateral estoppel from disputing the findings of that judgment in his appeal on the other claims. *Franksen v. George,* 725 S.W.2d 878, 880 (Mo.App.1987). Owners are bound by the trial court's adjudication on the primary claim that contractor performed in a workmanlike manner. Owners are therefore estopped from raising contractor's breach of contract on appeal. Owners cannot challenge the trial court's judgment on their counterclaim against contractor without also challenging the judgment of the trial court on contractor's primary claim against them.

JUDGMENT AFFIRMED.[1]

REINHARD and CRIST, JJ., concur.

1. Plaintiff-contractor's motion for damages for frivolous appeal pursuant to Rule 84.19 is denied.