**David RUGG and Michael Marrs, Respondent,**

v.

**CITY OF CARROLLTON, Appellant.**

**No. WD 55779.**

Missouri Court of Appeals, Western District.

March 2, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1999.

Application to Transfer Denied June 1, 1999.

Michael W. Manners, Independence, for Respondents.

Allan Truner, Chillicothe, for Appellant.

Before Presiding Judge HAROLD LOWENSTEIN, Judge PAUL SPINDEN and Judge VICTOR HOWARD.

HAROLD L. LOWENSTEIN, Judge.

Rugg and Marrs, police officers with the City of Carrollton, filed a petition for administrative review of the city's action in the Circuit Court of Cole County pursuant to Section 536.100 to .140, RSMo 1994, following disciplinary actions taken against them by the appellant City of Carrollton.

The Town Council had an executive session in which respondent Rugg was terminated for professional misconduct and possible criminal violations and Marrs was suspended for five days for ethics violations. The actions against Rugg and Marrs were taken following notification from the mayor. Pursuant to the city's personnel manual, both men filed for a review hearing. At that hearing, no evidence was taken nor was a record made. The Town Council upheld the actions against both respondents.

This action was filed in the Circuit Court of Cole County, which found: (1) Carrollton to be a Special Charter City; (2) the personnel manual gave the non-probationary officers the right to continuous employment; (3) the review hearing before the Council "in no way complied with the procedural mandates of the 'contested case' under the Missouri Administrative Procedure Act" (MAPA), as contained in § 536.010–.150, RSMo 1994; and (4) Rugg and Marrs should have been entitled to a "contested case" hearing. (All further sectional references will be to RSMo 1994).

■ Section 536.010(2) defines a contested case as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." "This means that a contested case in the context of MAPA, is a case which must be contested because of some requirement by statute, municipal charter, ordinance or constitutional provision for a hearing of which a record must be made unless waived." *Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 439 S.W.2d 1, 3 (Mo.App.1969).

■ Section 536.070 lists the many requirements of a contested case. *Benton–Hecht Moving & Storage, Inc., v. Call,* 782 S.W.2d 668, 671 (Mo.App.1989). These essentials include the use only of sworn testimony and the recording and preservation of a record. Many of these requirements, and the format itself, do not prevail in a non-contested case. *Id.* at 671. "The classification of a case as contested or non-contested is not left to the ipse dixit of invention of the agency." *Id.* The crux of this appeal is whether the circuit court erred by remanding the causes to Carroll-

ton for hearings in compliance with MAPA, which is that both cases be heard as contested cases.

The limited record here does contain the Personnel Manual, which states it was adopted by the town council at a regular meeting in 1996. The manual is signed by the Mayor, the four persons on the council, and the town clerk. The City's seal is affixed to the document. The thirty-three-page document contains procedures allowing the council, after notification with reasons, to suspend or dismiss employees for cause. It also allows the employee an appeal to the council for a hearing. The stated purpose was to set "forth the principles and procedures to be followed by the Town in the administration of its personnel program . . . and [that the principles and procedures] . . . shall apply to all hired positions. . . ." Under the caption "Authority," the document states the "Personnel Policies of the Town . . . are hereby made a part of the Charter. . . ."

▮ In this court, Carrollton asserts the trial court misapplied the law 1) in determining the Personnel Manual afforded the right to continuous employment to Rugg and Marrs; 2) by failing to conclude the Manual was "not law since it is not a part of the city charter and was not adopted by ordinance;" and 3) in failing to realize MAPA does not give contested case status to police officers in cities with less than fifteen police officers.

Because the second point is dispositive of the case, it will now be addressed. The points will be considered out of the order they were presented. This point raised by Carrollton is indeed novel. Stripped of legal niceties, it asserts that the City's Personnel Manual was not formally adopted as an ordinance since it is not shown to contain the magic language, "[b]e it ordained by the council of the Town of Carrollton," nor was it properly denominated as a change to the city charter, and as such the manual was "only a resolution," "a mere expression of opinion," "something less formal that the term ordi-

nance." If Carrollton were allowed to succeed on this point, the case would be over, for the respondent officers had no contract with the City, and the officers arguably would have no right to a contested hearing under Section 85.011. Section 85.011 relates to the dismissal and suspension of law enforcement officers, and provides hearing rights for officers in a political subdivision with "more than fifteen officers." (The record here does not establish the number on the Carrollton force). If what purports to be a Carrollton ordinance or a charter amendment, is now declared to have no such force or vitality, then the above quoted language in *Kopper Kettle*, requiring a contested hearing if hearing rights are contained within an ordinance or charter, is not here implicated.

▮ For several reasons, Carrollton's point is not well taken. First and foremost, its attack on the validity of a written declaration of its own doing, is raised for the first time on appeal. As such, points not presented to the trial court may not be raised on appeal to convict the trial court of error; therefore the point should be denied. *Fredericks v. Red–E–Gas Company*, 307 S.W.2d 709, 715 (Mo.App.1957). Additionally, there is nothing in this record which would allow Carrollton to escape taking the consequences for what it wrote and presented to all city employees, including the respondents. Carrollton adopted the Personnel Manual in March 1996, and now years later, attempts to cast doubt on the efficacy of a document it wrote, which states it is part of the city charter. *Cf. State ex. rel. Conway v. Villa*, 847 S.W.2d 881, 888 (Mo.App.1993*); Schmitt v. City of Hazelwood*, 487 S.W.2d 882, 887 (Mo.App. 1972). This court will not allow the City, *de hors* the record, to rescind a right to a contested hearing, which it created and promised its employees.

The relevant inquiry here, whether the municipality should have held a contested hearing, must be answered in the affirmative. *State ex. rel. Yarber v. McHenry*,

915 S.W.2d 325, 328 (Mo. banc 1995). The remaining points need not be addressed. The judgment of the trial court remanding the case for a contested hearing is affirmed.

All Concur.