**LITTLE JOE'S ASPHALT, INC., Respondent,**

v.

**C.W. LUEBBERT CONSTRUCTION COMPANY, INC., Appellant.**

**No. WD 60024.**

Missouri Court of Appeals, Western District.

May 14, 2002.

William Nassau Marshall III, Kansas City, for Appellant.

Anthony Landery Gosserand, Kansas City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

C.W. Luebbert Construction Company, Inc., appeals the circuit court's judgment

awarding $17,541 in damages to Little Joe's Asphalt, Inc., for the paving work that it did on a parking lot owned by Central Jackson County Fire Protection District in Grain Valley. Luebbert contends that Little Joe's could not recover under *quantum meruit* because Little Joe's services had no value in that the paving was defective. It also asserts that, even if a contract existed, Little Joe's could not recover under breach of contract because Little Joe's performance did not comply with the contract's specifications.[1] Luebbert also appeals the circuit court's judgment against Luebbert on its counterclaim for breach of implied warranty. Luebbert asserts that Little Joe's was obligated to provide a proper parking lot for the owner. We affirm the circuit court's judgment in part but reverse and remand for a new trial on damages only.

The evidence established that Luebbert was a general contractor that was hired to construct a fire training facility for the fire district. Luebbert subcontracted paving of the parking lot to Asphalt Plant Sales, Inc. (APSI), for $17,665.86.[2] APSI never signed the contract but began the work.

APSI partially completed the work but did not finish it. On November 23, 1999, Luebbert sent a letter to APSI demanding that the paving be completed. APSI assured Luebbert that it would send someone out to complete the work.

APSI asked Little Joe's to complete the project. Initially, Little Joe's declined APSI's request because APSI owed Little Joe's money from previous contracts. Later, it told APSI that it would look at the project and consider doing it.

On December 2, 1999, Joseph Buehler,[3] vice president of Little Joe's, met with Jason Luebbert, a principal of Luebbert. Jason Luebbert told Buehler that the project needed a two-inch surface course placed on the existing base course of asphalt that APSI had already laid. No written contract was signed between Luebbert and Little Joe's. According to Theresa Buehler, president of Little Joe's, Little Joe's agreed to do the work for "whatever price APSI had agreed with Luebbert." Little Joe's completed the paving work on December 13, 1999.

Little Joe's sent an invoice to APSI and forwarded a copy of the invoice to Luebbert. The invoice was for $17,541.90—almost the amount APSI quoted Luebbert that the entire paving project would cost. Because the parking lot had begun to show defects—rutting, "alligatoring" and pooling of water—Luebbert refused to pay Little Joe's. In January 2000, Luebbert received payment from the fire district for the entire project, but the fire district retained $2,024. According to Jason Luebbert, the fire district threatened to sue Luebbert if it did not correct the parking lot's problems.

On June 8, 2000, Little Joe's sued Luebbert, seeking payment of the amounts owed by Luebbert under three alternative theories: (1) breach of contract; (2) petition on account, and (3) *quantum meruit*. Luebbert filed a counterclaim for breach of warranty, alleging that Little Joe's performed its work on the project in a careless, negligent and unworkmanlike manner and that the paving did not comply with

---

**1.** The circuit court did not state whether it was entering judgment for Little Joe's on the basis of *quantum meruit* or breach of contract; hence, we address both contentions.

**2.** Although Luebbert and APSI never signed a written contract, Luebbert submitted APSI's

proposed contract. It indicated that APSI would do the work for $17,665.86.

**3.** Joseph Buehler is the son of Bob Buehler, APSI's president, but their firms had no ownership interest in each other.

the project's specifications. The case was tried to the court, and the circuit court entered judgment for Little Joe's in the amount of $17,541.90 with interest and entered judgment for Little Joe's on Luebbert's counterclaim.

 In its first point on appeal, Luebbert contends that the circuit court erred in granting judgment for Little Joe's on its claim under *quantum meruit* because the paving work was defective so Little Joe's services had no value. *Quantum meruit* is a remedy for the enforcement of a quasi-contractual obligation and is based on a promise implied by the law that a person will pay the reasonable value for services or materials provided at that person's request or with his approval. *Cotner Productions, Inc. v. Snadon*, 990 S.W.2d 92, 98 (Mo.App.1999). The Supreme Court has described *quantum meruit:*

> "[A]bsent a family relationship, where one performs valuable services for another, the benefit of which has been received and enjoyed by him, the law presumes an intention on the part of the former to charge and the latter to pay the reasonable value thereof and implies a promise on the part of the one receiving the services to pay a reasonable value for said services."

*Smith v. Sypret's Estate*, 421 S.W.2d 9, 14 (Mo.1967) (quoting *Embry v. Martz' Estate*, 377 S.W.2d 367, 368 (Mo.1964)); *see also Kinetic Energy Development Corporation v. Trigen Energy Corporation*, 22 S.W.3d 691, 697 (Mo.App.1999). Thus, to recover under *quantum meruit*, a plaintiff must plead and prove that " 'it provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a certain reasonable value, and that defendant, despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor.' "

*Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 270 (Mo.App.1984) (quoting *Berra v. Bieg Plumbing Company, Inc.*, 584 S.W.2d 116, 118 (Mo.App.1979)).

Viewing the evidence and all reasonable inferences in the light most favorable to the circuit court's judgment and disregarding contrary evidence, substantial evidence supported the circuit court's judgment. Little Joe's met its burden in establishing the elements necessary to recover under *quantum meruit.* Little Joe's provided paving services and materials at the request of, or with the acquiescence of, Luebbert. These materials and services included patching areas of the base course of asphalt, cold planing and sweeping the base course, fine grading of a drive on the project and laying the surface coat of the asphalt over the base course of paving that had been laid by APSI.

Little Joe's presented evidence that these materials and services had value. Luebbert contends that Little Joe's services had no value because the paving was defective. Little Joe's expert testified, however, that the "alligator" cracks indicated soft subgrade conditions. Most of the pavement cracks were around the southwest corner of the simulator building where fire trucks and other vehicles entered and exited the facility. According to this expert, the vehicles' weight exceeded the subgrade's strength and caused the cracking. He also noted that subsequent pavement damage occurred as water infiltrated the cracks and further softened the subgrade. He acknowledged that problems with cracking and pooling of water varied at different places in parking lot. The expert examined asphalt samples and concluded that the asphalt used by Little Joe's complied with American Public Works Association guidelines. The expert concluded that, although sampling and laboratory testing from elsewhere on the site

could reveal different results, pavement distress had been caused by subgrade failures or inadequate design for the loading conditions rather than the quality of asphalt used by Little Joe's. The circuit court, as the fact finder, was free to believe the expert.

Little Joe's did not prepare the subgrade. APSI did. Hence, substantial evidence established that Little Joe's services had value and that the surface paving was not defective.

■■■ Little Joe's, however, did not present evidence of the "reasonable value" of the services that it performed. "Reasonable value" is " 'the price usually and customarily paid for such services or like services at the time and in the locality where the services were rendered.' " *Kinetic Energy*, 22 S.W.3d at 697 (quoting *Baker v. Estate of Brown*, 365 Mo. 1159, 294 S.W.2d 22, 27 (Mo.1956)). Little Joe's cannot prove reasonable value simply by stating the standard price that it charges for a particular job. *Id.* at 698. Its burden was to establish that "the rate claimed was objectively reasonable in the marketplace." *Id.* The only evidence presented as to the value of Little Joe's work was the invoice that Little Joe's submitted to APSI and to Luebbert and the testimony of Joseph and Theresa Buehler. Joseph Buehler testified:

> Q. Does this invoice correctly indicate the services that you provided on the two days that you testified about?
>
> A. Yes.
>
> . . . .

Q. Okay. And what is the value of the materials and services that you provided on this project?

A. $17,541.90 (sic).[4]

Although this was evidence of Joseph Buehler's view of the value of his firm's services, it did not establish whether this was the reasonable value in the marketplace. Theresa Buehler merely testified that Luebbert owed Little Joe's $17,541.90 for the services and materials provided on the project.

■■■ Although failure to prove the reasonable value of services and materials furnished is fatal to recovery in *quantum meruit*, when there is a reason to believe the plaintiff can prove reasonable value, a new trial should be allowed. *McCardie and Akers Construction Company, Inc. v. Bonney*, 647 S.W.2d 193, 194–95 (Mo.App. 1983). "A case should not be reversed for failure of proof without remand unless the record demonstrates that all available essential evidence has been presented and that plaintiff could not recover in any event." *Id.* at 195. Hence, we remand to the circuit court for a new trial on damages only.[5]

■■■ Luebbert also contends that Little Joe's could not recover under the theory of breach of contract. We agree. Little Joe's did not establish that a contract existed between it and Luebbert. Little Joe's acknowledges that APSI contacted it to complete the project with Luebbert and that it went and looked at the project to see if it could help APSI. The evidence also established that in correspondence regarding the project Little Joe's emphasized that its contract was with APSI and

4. "Sic" appeared in the original.

5. To the extent that Luebbert claims in the argument portion of its brief that the circuit court could not enter judgment for Little Joe's on its petition on account theory, we need not

address such contention. Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered by us. *Berger v. Huser*, 498 S.W.2d 536, 539 (Mo.1973).

not with Luebbert. Moreover, the invoice for the services Little Joe's provided on the project was made out to APSI. Although Little Joe's argues that its contract was with Luebbert, the evidence established that any contract that may have existed was between Little Joe's and APSI. Hence, the circuit court could not have granted judgment for Little Joe's under its breach of contract theory.

 In its final point, Luebbert contends that the circuit court erred in granting judgment against Luebbert on its counterclaim for breach of implied warranty. We disagree.

In regard to the counterclaim, the circuit court said at the conclusion of the evidence:

> And issues are for the Plaintiff on the counterclaim. The counterclaim is way anticipatory. You can't get damages when you don't know what they are and you don't know if you're going to suffer them even though it may look pretty—pretty much like it.

> So that's—I can't even consider that.

Luebbert assumes that the reason the circuit court stated at the conclusion of the evidence constituted the sole basis for the judgment for Little Joe's on the counterclaim.

In a judge-tried case, however, we are not limited in our review to determining whether the circuit court's judgment was correct based solely on its gratuitous findings and conclusions. *Testerman v. Director of Revenue*, 31 S.W.3d 473, 477 (Mo. App.2000). We are primarily concerned with whether the circuit court reached the correct result and not necessarily its course in reaching it. *Id.* Hence, "we will not only affirm the judgment of the court

if it was correct on the basis or theory gratuitously found by the court, but on any reasonable theory supported by substantial evidence." *Id.*

The basis for Luebbert's counterclaim against Little Joe's arises from the defects that occurred in the pavement on the project. Luebbert contends that to correct these defects it would cost $54,315 to demolish the existing asphalt lot and to replace it with a new one and that Little Joe's would be at least partly responsible for the replacement of the pavement.[6] The evidence on the cause of the defects, however, was conflicting at trial. The circuit court heard evidence that the cause of the defects related to problems in the subgrade and to the weight of the vehicles used on the pavement and not to the materials and services provided by Little Joe's. We previously concluded in regard to Little Joe's claim for *quantum meruit* that substantial evidence established that the materials and services that Little Joe's provided had value and that the surface paving done by Little Joe's was not defective. Hence, we conclude that the circuit court did not err in granting judgment for Little Joe's on Luebbert's counterclaim.

We affirm the circuit court's judgment in part but reverse and remand for a new trial as to damages only.

JAMES M. SMART, JR., Judge, and VICTOR C. HOWARD, Judge, concur.

---

**6.** Jason Luebbert acknowledged that Luebbert did not expect Little Joe's to be responsible for the entire replacement of the pavement on the project, even though Luebbert's counterclaim was made against Little Joe's alone.