Mimi FOWLER, Plaintiff/Appellant,

v.

Gary SCOTT, Defendant/Respondent.

No. ED 84820.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 17, 2005.

Mimi Fowler, Ferguson, MO, pro se.

Daniel L. Goldberg, St. Charles, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff, Mimi Fowler, filed a breach of contract action against defendant, Gary Scott, to recover damages for breach of contract, alleging that defendant had failed to do all of the work she had paid him to do in constructing a room addition on her home. Defendant filed a counterclaim that included a count in quantum meruit to recover the reasonable value of the goods and services he supplied in constructing the room addition. After a bench trial, the trial court entered judgment in quantum meruit in defendant's favor and awarded him $11,776.00. It also entered judgment in defendant's favor on plaintiff's breach of contract action. Plaintiff appeals only from the trial court's judgment on her claim for breach of contract. We affirm.

Plaintiff does not challenge the trial court's judgment in defendant's favor on his counterclaim. In fact, in her brief, she has advised that she has paid this judgment.

Because plaintiff has not appealed from the trial court's adjudication of defendant's counterclaim, that judgment is final. As a result, principles of collateral estoppel estop her from disputing the findings necessarily encompassed by that judgment on appeal of a different claim. *Boswell v. American Ins. Co.,* 835 S.W.2d 454, 460 (Mo.App.1992); *Arnold v. Fletcher,* 761 S.W.2d 261, 262 (Mo.App.1988); *Franksen v. George,* 725 S.W.2d 878, 880 (Mo.App. 1987). We must therefore determine whether the findings the court necessarily made in entering judgment in defendant's favor on his quantum meruit claim collaterally estop plaintiff from appealing the denial of her breach of action claim.

Quantum meruit is a remedy for enforcement of quasi-contractual obli-

gations. *Rolla Lumber Company v. Evans,* 482 S.W.2d 519, 522 (Mo.App.1972). The elements of a quasi-contract claim are "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." *Johnson Group, Inc. v. Grasso Bros., Inc.,* 939 S.W.2d 28, 30 (Mo. App.1997) (quoting *Erslon v. Vee–Jay Cement Contracting Co.,* 728 S.W.2d 711, 713 (Mo.App.1987)). To recover under quantum meruit, the party bringing the claim must plead and prove: 1) that it provided materials or services to the defending party at the request of or with the acquiescence of the defending party; 2) that those materials or services had a certain reasonable value, and 3) that the defending party, despite demands of the party bringing the claim, has failed and refused to pay the reasonable value of those materials and labor. *Little Joe's Asphalt v. C.W. Luebbert Const.,* 74 S.W.3d 830, 833 (Mo.App. 2002).

At trial, defendant adduced evidence that he provided goods and services to plaintiff for the room addition with a value in the amount of $39,067.00, that plaintiff had paid $27,000, but failed to pay the remainder. Plaintiff testified to items that she purchased for the project and work she and friends did on the project that she claimed she had paid for under the contract and other complaints she had with defendant's work.

In a quasi-contract case based on quantum meruit, the measure of recovery is the reasonable value of goods or services furnished to the other party. *Johnson Group,* 939 S.W.2d at 30. It was undisputed that plaintiff had paid $27,000. By rendering a judgment for $11,776.00, the trial court necessarily determined that de-

fendant had furnished goods and services to plaintiff with a value of $38,776.00, and only required plaintiff to pay for the goods and services furnished to her. That finding bars plaintiff from contending in this appeal that she paid for goods and services that she did not receive.

■ Further, the judgment bars plaintiff from claiming in this appeal that she paid for services that were not performed in a workmanlike manner. A claim in quantum meruit may be defeated or reduced by proof of any matter that affects the value of the materials or services, including evidence that the work was unskillfully performed. *Otte v. McAuliffe,* 441 S.W.2d 733, 736 (Mo.App.1969); *Fitzgerald v. Schaefer,* 216 S.W.2d 939, 940 (Mo.App. 1949). The judgment in defendant's favor necessarily determined that the labor performed and materials supplied had value and were provided in a workmanlike manner. *See Little Joe's,* 74 S.W.3d at 835.

Because all of plaintiff's claims in this appeal are based on factual contentions found against her in the final judgment on the counterclaim, the judgment in defendant's favor in the amount of $11,776.00 collaterally estops her from pursuing her breach of contract claim based on her contentions that she paid for goods and services that she did not receive or that the work was not done in a workmanlike manner. As a result, she may not raise defendant's breach of contract on appeal. *Arnold,* 761 S.W.2d at 262.

The judgment of the trial court is affirmed.[1]

PATRICIA L. COHEN, P.J. and ROBERT G. DOWD, JR., J., concur.

---

1. Defendant's motions to dismiss and for sanctions are denied.