**L. Lowell FOX, Appellant,**

v.

**F. Al WHITE, Respondent.**

**No. WD 66701.**

Missouri Court of Appeals, Western District.

Jan. 23, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 2007.

L. Lowell Fox, St. Joseph, pro se.

Michael Marsh, Overland Park, KS, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

## Summary

Lowell Fox ("Fox"), the stepfather of Robert L. Burns, Sr. ("Burns"), appeals the dismissal of his *pro se* action against attorney F.A. White ("White"), who represented Burns in a Platte County criminal prosecution. The action is styled as a "petition for damages," and contains six counts, all of which are predicated upon various actions and inactions in connection with the defense of Burns in his criminal prosecution.[1] In response to that petition, White filed a motion to dismiss for lack of standing and failure to state a claim, which the trial court granted. This appeal follows. Because a review of the record discloses that Fox's petition failed to state a claim upon which relief could be granted, this court affirms that dismissal.

## Factual and Procedural Background

Prior to the trial of Burns in the Platte County criminal prosecution, White discussed the possibility of representing Burns in that case with both Burns and Fox. In the course of those discussions, an agreement was reached by which White would undertake that representation and Fox would pay for White's services. Fox paid White, and White represented Burns at a criminal trial at which Burns was ultimately convicted and sentenced to 144 years imprisonment.

Fox subsequently initiated the present case on August 24, 2005; claiming that various failures on White's part constituted professional malpractice, resulting in damages to Burns's family, including Fox himself. White filed a motion to dismiss for lack of standing and failure to state a claim, which the trial court granted. On October 27, 2005, Fox filed a motion to vacate, void, and set-aside that order, an expanded petition for damages, and a notice of appeal.

## Standard of Review

■ "Where, as here, the trial court does not provide reasons for dismissal of the petition, we presume the decision was based on grounds stated in the dismissal motions and will affirm if dismissal was appropriate on any grounds stated therein." *Rychnovsky v. Cole*, 119 S.W.3d 204, 208 (Mo.App. W.D.2003). In the instant case, White's motion to dismiss alleged that Fox failed to state a claim upon which relief could be granted.[2]

■ The Rules of Civil Procedure permit a defendant to assert the plaintiff's "[f]ailure to state a claim upon which relief can be granted" by way of a motion to dismiss. Rule 55.27(a)(6). This rule exists "to permit resolution of claims as early as they are properly raised in order to avoid the expense and delay of meritless claims or defenses and to permit the efficient use of scarce judicial resources." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Thus, "[w]here the pleadings fail to state a cause of action under the law

---

1. Fox's petition enumerates White's alleged failures in 74 separate subparagraphs, each of which deals with actions in connection with investigation, preparation, and representation of Burns in *State v. Burns*, Case No. 99–CR–82013.

2. Because Fox's failure to state a claim is dispositive of the issues raised on appeal, White's assertion that Fox lacked standing to bring suit need not be addressed here.

or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit." *Id.*

■ In reviewing a trial court's dismissal, this court, like the trial court, assumes that all of the averments in the original petition are true and liberally grants all reasonable inferences that may be drawn therefrom. *Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo. banc 1993). In the context of the present case, this means that—assuming all of the facts in Fox's petition are true—his case was properly dismissed only if he stated no cause of action that entitled him to the relief he requested.

### Discussion

■ The petition filed in this case alleges—in great detail—that White was negligent, careless, reckless, and ineffective in representing Burns at his criminal trial. These claims are collected into six separate counts. While denominated as various forms of action, the first four of those counts are all based upon the negligent rendition of legal services and will be collectively addressed here as a claim for legal malpractice.[3] The fifth count contains a claim for punitive damages, and need not be addressed here, as it is well established that punitive damages are not available in the absence of actual damages. *See Adelstein v. Jefferson Bank & Trust Co.,* 377 S.W.2d 247, 252 (Mo.1964). Similarly, this court need not address the sixth count, a statutory claim for expenses under Section 544.195 of the Missouri Revised Statutes, which allows the recovery of reasonable attorney's fees where a citizen brings an action based upon a wrongful body cavity or strip search.[4]

■ A plaintiff pursuing a claim for legal malpractice must establish four elements in order to succeed at trial. *See, e.g., Klemme v. Best,* 941 S.W.2d 493, 495 (Mo. banc 1997). In order to survive a motion to dismiss on the pleadings, that plaintiff must allege facts sufficient to support each of those elements. *See ITT Commercial Fin. Corp.,* 854 S.W.2d at 376. The elements necessary to establish a claim of legal malpractice are: "(1) an attorney-client relationship; (2) negligence or breach of contract by the defendant; (3) proximate causation of plaintiff's damages; (4) damages to the plaintiff." *Klemme,* 941 S.W.2d at 495. Thus, "the existence of an attorney-client relationship *between the plaintiff and the attorney*" is a required element in any legal malpractice case. *Rose v. Summers, Compton, Wells & Hamburg, P.C.,* 887 S.W.2d 683, 686 (Mo. App. E.D.1994) (emphasis added). It is the first essential element because from that relationship arises the duty to exercise reasonable care in the attorney's practice of the profession. The attorney, with limited exceptions,[5] owes no actionable duty to strangers or non-parties to the attorney-client relationship in the way legal responsibilities are performed.

■ Giving Fox's petition the broadest reading possible, and assuming the truth of all the averments and reasonable inferences contained therein, *see Klemme,* 941

---

**3.** These four counts are styled as claims for "Professional Malpractice," "Lost Chance of Survival, of Family, and of Liberty," "Ineffective Assistance of Counsel," and "Alienation of Children."

**4.** Fox's reliance on this statute is entirely inexplicable based on the record, and is, presumably, a mistake. Even were the statute somehow applicable to the case at hand, Fox has elected to proceed *pro se,* and does not allege that he has incurred any attorney's fees in connection with the current action.

**5.** *See, e.g., Donahue v. Shughart, Thomson & Kilroy, P.C.,* 900 S.W.2d 624 (Mo. banc 1995).

S.W.2d at 495, facts necessary to establish the existence of an attorney-client relationship between Fox and White are not pled. Instead, Fox has pled, at best, the existence of a contractual relationship between himself and White, consisting of Fox's promise to pay White, and White's return promise to represent Burns in the Platte County criminal proceedings.

█ That "contract" does not supply the missing element, since "the mere payment of fees, without more, is not proof of an agency relationship, much less an attorney-client relationship. The relation between a lawyer and his client is a delicate and exacting one, highly personal. It involves much more than the payment of fees." *Mid–Continent Cas. Co. v. Daniel, Clampett, Powell & Cunningham*, 196 S.W.3d 595, 598 (Mo.App. S.D.2006) (citations omitted). Rather, "[a]n attorney-client relationship exists when a person seeks and receives legal advice and assistance from a lawyer who intends to give legal advice and assistance to the person." *Collins v. Mo. Bar Plan*, 157 S.W.3d 726, 736 (Mo.App. W.D.2005).

Where, as here, an attorney undertakes to represent a client and agrees to accept payment from a third party, caution would suggest that the relationships created by such an arrangement be clarified, as by way of a non-representation letter to the third-party payor. *See* Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* Section 2.12 (2005) (discussing the use of nonengagement letters to avoid both the existence and the appearance of an attorney-client relationship). The absence of such a letter, however, does not alter the underlying relationships, and Fox has pled no facts in his petition sufficient to establish an attorney-client relationship between himself and White or any other basis for a duty to *Fox* in the exercise of the attorney's duties to Burns.

Indeed, the contract at issue, the language of which Fox quotes extensively in his brief to this court, does not appear to have been a part of the petition filed with the trial court.[6] Instead, Fox asserts in that petition that he "hired [White], *at the request of Robert L. Burns, Sr* .... to provide criminal defense *for said Robert Burns* in a Platte County, Missouri case originating in 1999." (Emphasis added.) Thus, to the extent that Fox's petition alleges that Fox entered a contractual relationship with White, that allegation is merely that he did so *on behalf of* Burns. The petition filed in this case does not allege that White undertook to represent Fox in any way. All of the benefits that

6. Fox's brief before this court includes a copy of the Fee Agreement as an appendix. That agreement does not, however, appear in the record on appeal, and there is no indication in the record that the agreement was actually before the trial court when it ruled on White's motion to dismiss. Fox's claim before this court that the language of that agreement creates an attorney-client relationship is misplaced to the extent that matters not before the trial court "may not be raised on appeal to convict the trial court of error." *Rugg v. City of Carrollton*, 990 S.W.2d 89, 91 (Mo. App. W.D.1999). Similarly, the record on appeal contains an attempt by Fox to amend his original petition styled as an "Expanded Petition for Damages" and including a claim for breach of contract. Rule 55.33(a) allows for the amendment of pleadings without leave only within thirty days of service of the original pleading or if no responsive pleading has been served. "Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party." Rule 55.33(a). At the time the amended pleading was filed, White had responded with a motion to dismiss, and nearly two months had passed since service of the original petition. The record on appeal discloses neither a written consent to amendment from White nor a request for leave to amend. It would thus seem that Fox's amended petition was not properly before the trial court, and this court cannot consider points raised therein. *Rugg*, 990 S.W.2d at 91.

Fox alleges he expected to receive from the contract are benefits indirectly derived from Burns's ultimate exoneration.

■ The allegations contained in Count IV of the petition, which is styled as a claim for "Alienation of Children" are illustrative of this point. That count alleges that familial rights held by the "family and extended family" of the children involved in the underlying criminal case were severed as a result of White's actions. Fox does not, however, allege that White promised or undertook to perform any specific action on behalf of anyone other than Burns. Certainly, had Burns been acquitted or had he in some other way succeeded in preserving his parental rights, other family members would have benefited from that result. Merely acknowledging this fact, however, does not confer upon White a duty to those family members. Such a duty could only be found in some sort of specific undertaking on behalf of those family members. Without pleading such an undertaking or promise, Fox has not pled that White owed any such duty *to Fox*. No such undertaking or promise appears in the petition filed in this case.

The remaining counts in Fox's petition similarly fail to establish any professional duty to Fox regarding White's rendition of legal services to Burns. Because Fox has not pled facts sufficient to establish an attorney-client relationship between himself and White, the trial court properly granted White's motion to dismiss for failure to state a claim upon which relief could be granted.

The dismissal is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.