TOWN AND COUNTRY APPRAISALS, LLC., Appellant,

v.

Alexandra M. HART, and Law Offices of Alexandra M. Hart, LLC., Respondents.

No. ED 89479.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 27, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 2008.

N. Barrett Braun, LLC, N. Barrett Braun, St. Louis, MO, for Appellant.

Hart, Sheth, Boedefeld & Gervich, Alexandra M. Hart, St. Louis, MO, for Respondents.

ROY. L. RICHTER, Presiding Judge.

Town and Country Appraisals, LLC. ("Appraiser") appeals the judgment denying relief for its breach of contract claim. We affirm in part and reverse and remand in part.

## I.  BACKGROUND

Appraiser provided a written appraisal of certain real property and made its employees available to testify during a dissolution of marriage proceeding. Appraiser alleges that, while it made employees available to testify multiple times, it was never paid $3,700 for such services.

Appraiser initiated suit for breach of contract or quantum meruit, ultimately naming attorney Alexandra Hart, individually ("Hart"), and Alexandra Hart, LLC ("Corporation") as defendant. Both Hart and Corporation moved to dismiss Appraiser's petition. The trial court granted Hart's motion to dismiss, denied Corporation's motion and awarded Hart attorney's fees in the amount of $350.

After a hearing, the trial court entered judgment in favor of Corporation. Appraiser appeals.

## II. DISCUSSION

On review of a court-tried case, we must sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "[W]e view all evidence in a light that supports the circuit court's judgment and disregard all contrary evidence." *Motorsport Marketing, Inc.v. Wiedmaier, Inc.*, 195 S.W.3d 492, 497 (Mo.App. W.D.2006). We review questions of law de novo. *Smith v. Shaw*, 159 S.W.3d 830, 832 (Mo. banc 2005).

In its first point, Appraiser asserts the trial court erred in granting Hart's motion to dismiss for failing to state a claim upon which relief could be granted because Appraiser stated a cognizable cause of action for breach of contract or quantum meruit. We disagree.

Rule 55.27(a)(6) allows a defendant to assert a plaintiff's "[f]ailure to state a claim upon which relief can be granted" by a motion to dismiss. This rule encourages early resolutions in order to avoid the expense and delay of baseless claims and to promote judicial efficiency. *Fox v. White*, 215 S.W.3d 257, 260 (Mo.App. W.D.2007) (citation omitted). Consequently, a trial court may dismiss a claim when a party fails to state a cause of action or fails to state facts entitling him to relief. *Id.* at 260–61.

■ In order to establish breach of contract, a plaintiff must show: "(1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) a breach; and (4) damages." *Neiswonger v. Margulis*, 203 S.W.3d 754, 760 (Mo.

App. E.D.2006) (citation omitted). In order to establish a cause of action for quantum meruit, a plaintiff must show: 1) a benefit was conferred upon a defendant by a plaintiff, 2) appreciation by a defendant of such benefit, 3) acceptance and retention by the defendant of the benefit under circumstances in which such retention without payment is inequitable. *Fowler v. Scott*, 164 S.W.3d 119, 120 (Mo.App. E.D.) (citation omitted). Here, Appraiser failed to plead facts sufficient to support Hart's individual liability, namely that Hart owed an obligation to Appraiser under a contract theory or that Hart retained a benefit, personally, under a quantum meruit theory.

■ In its petition, Appraiser stated, "Hart was serving and acting as the agent of Defendant The Law Offices of Alexandra M. Hart, LLC, and that all acts alleged herein were performed by her within the scope and course of such agency . . . ." Generally, an agent is not liable for lawful acts performed within the scope of her authority for a disclosed principal. *K & G Farms v. Monroe County Service Co.*, 134 S.W.3d 40, 45 (Mo.App. E.D.2003) (citation omitted). As an agent of Corporation, any actions taken by Hart were taken in her representative capacity. Accordingly, because Hart did not undertake any personal obligations or retain any benefit, personally, the trial court did not err in granting Hart's motion to dismiss. Point denied.

■ In its second point, Appraiser asserts the trial court erred by awarding Hart attorney's fees when it dismissed Appraiser's claim because the trial Court was not authorized to award attorney's fees under Rule 55.27(a). We agree.

Rule 55.27(a) details the defenses a party may raise to attack a claim. Nowhere among the multiple provisions of this sec-

tion, however, is an authorization for awarding attorney fees. Conversely, Rule 55.03 authorizes sanctions for frivolous court filings. Rule 55.03(c) describes how sanctions may be initiated. A party may request sanctions by making a motion "separately from other motions or requests and shall describe the specific conduct alleged to violate Rule 55.03(b)." Rule 55.03(c)(1)(A); *Williams v. Frymire*, 186 S.W.3d 912, 923 (Mo.App. S.D.2006). Alternatively, a court may initiate sanctions, itself, by entering an order against a party to show cause that it has not violated Rule 55.03(b). Rule 55.03(c)(1)(B). However, Rule 55.03(c)(2)(B) provides that "[m]onetary sanctions shall not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party that is, or whose lawyers are, to be sanctioned."

Here, Hart requested attorney's fees and sanctions within her motion to dismiss. As discussed above, in order for a party to initiate sanctions, such a motion must be made separate from others. Hart failed to fulfill this requirement. In addition, the trial court neglected to issue a show cause order, as required by Rule 55.03(c)(2)(B), before sanctions were imposed. "The violation of the explicit procedural requirements of this rule denies the trial court of any authority to impose sanctions." *Williams*, 186 S.W.3d at 923. Consequently, because both Hart and the trial court failed to follow the procedural requirements of Rule 55.03, the trial court erred in awarding attorney's fees to Hart. Point granted.

In the interest of brevity, we discuss Appraiser's fourth point next. In this point, Appraiser asserts the trial court erred in entering judgment for Corporation because the evidence supported Ap-praiser's action for quantum meruit. We agree.

■ In order to establish a cause of action for quantum meruit, a plaintiff must show: 1) a benefit was conferred upon a defendant by a plaintiff, 2) appreciation by a defendant of such benefit, 3) acceptance and retention by the defendant of the benefit under circumstances in which such retention without payment is inequitable. *Fowler*, 164 S.W.3d at 120 (citation omitted). Here, Corporation alleges that Appraiser cannot prevail in quantum meruit because no benefit was conferred on Corporation. We find this argument disingenuous.

Corporation asserts that the client ("Client"), whose property Appraiser valued, was actually a client of Hart, Horwitz & Dillon, L.L.C., not Corporation, and consequently no benefit was conferred on Corporation. The record fails to support this contention. According to an exhibit filed by Corporation itself, the creation date of the entity known as Hart, Horwitz & Dillon, L.L.C. was December 30, 2004. However, the record reveals that Appraiser's employees were hired to be available to testify between August and October of 2004, well before the creation of Hart, Horwitz & Dillon, L.L.C.

Moreover, a review of the history between Corporation and Appraiser demonstrates that Corporation represented Client in his dissolution proceedings. The record reveals that Corporation's sole member, Alexandra Hart, in fact, filed a motion in the dissolution proceeding requesting that the Court authorize Appraiser to value Client's marital home. In addition, the record shows that Corporation paid for such appraisal with a check issued on its trust account. Moreover, a subpoena directing Appraiser to appear in court as late as June of 2004 lists Alexandra Hart as Client's attorney.

Quantum meruit is a remedy generally based on principles of unjust enrichment which occurs when a person retains a benefit without paying its reasonable value. *Webcon Group, Inc. v. S.M. Properties, L.P.*, 1 S.W.3d 538, 542 (Mo.App. E.D. 1999). If Corporation were able to retain the benefit of having Appraiser available to testify for its client if need be, without paying for such service, Corporation would be unjustly enriched.

Corporation further argues that even if it represented Client, any benefit only accrued to Client. This argument is unpersuasive. We fail to see how Corporation can contend that the availability of an appraiser creates a benefit for a client, alone, without benefiting the attorney representing such client. Accordingly, the trial court erred in entering judgment in favor of Corporation. Point granted.

Having determined that Appraiser succeeds in its quantum meruit claim, we need not consider Appraiser's remaining points on appeal.

## III. CONCLUSION

The trial court's judgment dismissing Hart is affirmed and the trial court's judgment awarding attorney's fees and denying Appraiser recovery under a theory of quantum meruit is reversed and remanded for further proceedings to determine Appraiser's compensation.

CLIFFORD H. AHRENS, and GLENN A. NORTON, J., Concur.