Marcy M. FULLER, Respondent,

v.

Michael MOORE and Nadine Reese, Appellants.

No. ED 96398.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 1, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 2011.

Application for Transfer Denied Jan. 31, 2012.

Michael Moore, St. Louis, MO, Nadine Reese, Kirkwood, MO, pro se.

Frederick M. Kawk, St. Louis, MO, for respondent.

PATRICIA L. COHEN, P.J.

### Introduction

Appellants Michael Moore and Nadine Reese (Defendants) appeal *pro se* the trial court's judgment (1) denying Defendants' motion to set aside a consent judgment and (2) imposing sanctions. We affirm in part and reverse in part.

### Factual and Procedural Background

Pursuant to a lease agreement entered in December 2009, Defendants leased a home from Marcy Fuller (Plaintiff). On

November 27, 2010, Plaintiff filed an action for rent and possession.

On December 7, 2010, Defendants, proceeding *pro se,* filed their answer and affirmative defenses, as well as a motion to dismiss for failure to state a claim upon which relief may be granted and failure to join a necessary party. In their motion to dismiss, Defendants claimed, *inter alia,* that Plaintiff was barred from recovery because her ex-husband "is a necessary party to this lawsuit but has not been added as such."[1] Defendants also filed a request for change of judge, which Judge Farragut–Hemphill granted the same day by writing "So Ordered" on the request and signing and dating it. On December 10, 2010, Presiding Judge Ross reassigned the case to Judge Hood.

On December 15, 2010, the trial court scheduled the case for trial on January 4, 2011. On January 4, 2011, an attorney entered an appearance for Defendants, and Defendants and Plaintiff entered into a consent judgment. The consent judgment provided that "Plaintiff have and recover from the Defendants" the following: exclusive possession of the rental property; three months' back rental payments, totaling $2,225.00; and payment of an unpaid sewer bill in the amount of $200.00. The consent judgment provided that all payments were to be made to Plaintiff.

On January 31, 2011, Defendants filed *pro se* a motion to set aside the consent judgment under Rule 75.01 arguing that: (1) the trial court lacked jurisdiction because Plaintiff's ex-husband was a necessary party; and (2) Judge Farragut–Hemphill did not use a separate, written order to grant Defendants' application for change of judge. Plaintiff filed a motion to enforce settlement and for sanctions on February 8, 2011. In her motion to enforce, Plaintiff argued that Defendants, having accepted the benefits of the consent judgment, were "estopped from denying the bargain they made by voluntarily executing the Consent Judgment."

On February 9, 2011, the trial court held a hearing on Defendants' and Plaintiff's respective motions. On February 15, 2011, the trial court entered its judgment denying Defendants' motion to set aside the consent judgment and granting Plaintiff's motion to enforce settlement and for sanctions, providing, in relevant part, as follows:

> Upon the evidence adduced, the Court finds it has jurisdiction to hear and decide on these matters. Defendants' Motion to Set Aside Consent Judgment is overruled and denied. Plaintiff's Motion to Enforce Settlement and for Sanctions is sustained. Defendants are hereby ordered, jointly and severally, to abide by the Court's Judgment of 1–4–11. Plaintiff is awarded $1,000 attorney [sic] fees for Defendants' frivolous filings herein, for which let execution issue.

Defendants appeal *pro se.*[2]

### Standard of Review

 "[A] consent judgment has the same force and effect as any other judg-

---

**1.** On December 27, 2010, Plaintiff filed a response to Defendants' motion to dismiss, alleging that her ex-husband signed the lease as "OWNER OR MANAGING AGENT FOR OWNER" and Plaintiff, as property owner, was not required to name her agent as a party to the action.

**2.** We hold *pro se* appellants to the same standards as attorneys. *Pointer v. State, Dept. of Social Servs.,* 258 S.W.3d 453, 454 (Mo.App. E.D.2008). "While we are not unmindful of the challenges that face *pro se* litigants, judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements." *Dressel v.*

ment reached on the merits." *Boillot v. Conyer,* 826 S.W.2d 95, 97 (Mo.App. E.D. 1992). "The decision whether to set aside a judgment for good cause under Rule 75.01[3] is within the discretion of the trial court, and that ruling will not be interfered with in the absence of an abuse of discretion." *Central Am. Health Sciences Univ., Belize Med. Coll. v. Norouzian,* 236 S.W.3d 69, 75 (Mo.App. W.D.2007) (internal quotation omitted).

### Discussion

■ In their first point on appeal, Defendants claim the trial court erred in denying their motion to set aside the consent judgment because the trial court failed to grant their application for change of judge by written order as required by Rule 51.05. Rule 51.05 provides: "A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party." Rule 51.05(a).

The record shows that Defendants filed a request for change of judge on December 7, 2010, and Judge Farragut–Hemphill handwrote upon the motion: "So Ordered." Beneath this notation, Judge Farragut–Hemphill signed: "Hemphill, 12/7/10, Div 42." Pursuant to Defendants' request and Judge Farragut–Hemphill's subsequent order, Presiding Judge Ross reassigned Defendants' case to Division 34.

Defendants maintain that Judge Farragut–Hemphill's "signature upon [Defendants'] motion is invalid, and does not qualify as an order which, must be in writing giving direction to the parties as provided for by [Rule 51.05]." However, Defendants provide no support for the proposition that an order granting a change of judge request must be on a separate piece of paper. Judge Hemphill's written directive "so ordered" was sufficient notification that the change of judge request was granted.[4] Point denied.

■ In their second point on appeal, Defendants claim that the trial court erred in denying their motion to set aside the consent judgment because the trial court failed to apply the standards outlined in Rule 52.04 for determining whether Plaintiff's ex-husband was a "necessary" party.[5] We will affirm a trial court's decision under Rule 52.04 unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misinterprets or misapplies the law. *Dolphin Capital Corp. v. Schroeder,* 247 S.W.3d 93, 97 (Mo. App. W.D.2008).

Rule 52.04 governs the "joinder of persons needed for just adjudication" and provides a test for determining whether joinder is necessary. First, the trial court must determine whether the party is necessary to the action. Rule 52.04(a). A person may be considered a necessary par-

*Dressel,* 221 S.W.3d 475, 476 (Mo.App. E.D. 2007).

**3.** Rule 75.01 provides in pertinent part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01.

**4.** Defendants also contend that the trial court violated the Circuit Court of St. Louis County's Local Rule 6.6.1, which states: "If a Judge or Commissioner grants an application

for a change of Judge or disqualifies himself or herself in a case, the case shall be reassigned by order of the Presiding Judge." Defendants argue that, because Judge Farragut–Hemphill did not properly "grant" their change of judge request, any subsequent action in their case was invalid. Having found that Judge Farragut–Hemphill effectively ordered the requested change of judge, we reject this argument.

**5.** Defendants apparently conflate the concepts of "necessary" and "indispensable."

ty if: (1) complete relief cannot be afforded in the person's absence; or (2) the person claims an interest in the subject matter, and disposition of the matter in the person's absence may impede the protection of that interest or subject the person to multiple or inconsistent obligations. Rule 52.04(a); *Edmunds v. Sigma Chapter of Alpha Kappa,* 87 S.W.3d 21, 27 (Mo. App. W.D.2002). If a party is necessary and cannot be joined, the trial court must "determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent party being thus regarded as indispensable." Rule 52.04(b).

In the instant case, Defendants first claimed that Plaintiff's ex-husband was a "necessary party to this lawsuit" in their motion to dismiss Plaintiff's action for rent and possession. Although the trial court set Defendants' motion to dismiss for hearing, the trial court did not hear or rule upon the motion because the parties entered into the consent judgment on January 4, 2010. In their motion to set aside the consent judgment, Defendants alleged that Plaintiff's ex-husband was "a necessary party to the lawsuit" and "[t]hat the presence of an indispensable party is a jurisdictional requirement." Although the trial court heard testimony on Defendants' motion to set aside the consent judgment on February 9, 2010, Defendants did not file a transcript of the hearing and it appears that no record was made. In its judgment of February 15, 2011, the trial court denied Defendants' motion to set aside.

■ Defendants' point on appeal requires us to review the trial court's analysis and determine whether the trial court properly applied Rule 52.04. An appellant is responsible for providing this court with an appropriate record for review. Rule 81.12(c); *Kuiper v. Busch Entertainment Corp.,* 845 S.W.2d 697, 699 (Mo.App. E.D. 1993). "A record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). The record here is a legal file only, consisting of the docket sheet, petition, answer, consent judgment, various motions and memoranda, and the trial court's judgment denying Defendants' motion to set aside. Although the docket sheet indicates that the trial court heard testimony on Defendants' motion to set aside, Defendants did not file a transcript of the hearing and it appears that no record was made.[6] Given the sparse record on appeal we cannot determine what analysis the trial court undertook when it considered Defendants' claim that Plaintiff's ex-husband was a necessary and indispensable party.

■ To the extent that Defendants argue that Plaintiff's ex-husband was a necessary party, we note that "[t]he remedy for failure to join a necessary party is by motion to add a necessary party rather than by a motion to dismiss." *Edmunds,* 87 S.W.3d at 27; *see also Iowa Steel & Wire Co., Inc. v. Sheffield Steel Corp.,* 227 S.W.3d 549, 556 (Mo.App. W.D.2007). Defendants did not move to add Plaintiff's ex-husband to the action. Furthermore, Defendants failed to brief the issue of whether Plaintiff's ex-husband was necessary or indispensable. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Johnson v. Buffalo Lodging Assocs.,* 300 S.W.3d 580, 582 (Mo.App. E.D.2009). Point denied.

---

**6.** "The obligation to make a record during trial concerning issues a party may wish to present on appeal is on that party." *Chilton v. Gorden,* 952 S.W.2d 773, 777 (Mo.App. S.D.1997).

In their third and final point on appeal, Defendants claim the trial court erred in granting sanctions against them and in favor of Plaintiff. Specifically, Defendants contend that the trial court lacked authority to impose sanctions because Plaintiff filed her motion for sanctions before the thirty-day time limitation set forth in Rule 55.03.

Rule 55.03 authorizes sanctions for frivolous filings. Under Rule 55.03(d) a party may request sanctions by making a motion "separately from other motions or requests and shall describe the specific conduct alleged to violate Rule 55.03(c)." [7] Rule 55.03(d)(1)(A). The rule further provides that "[t]he motion shall not be filed with or presented to the court unless, within 30 days after service of the motion, the challenged claim, defense, request, demand, objection, contention, or argument is not withdrawn or appropriately corrected." *Id.* The purpose of the 30–day safe-harbor provision "is to allow the party against whom sanctions are sought an opportunity to correct violations of Rule 55.03(b), thereby conserving judicial resources if such corrective action is taken." *Rea v. Moore,* 74 S.W.3d 795, 799 (Mo.App. S.D.2002) (internal quotations omitted). Violation of the specific procedural requirements of Rule 55.03 deprives the trial court of any authority to impose sanctions. *Town & Country Appraisals, LLC v. Hart,* 244 S.W.3d 187, 190 (Mo.App. E.D.2007).

In the instant case, Plaintiff requested Rule 55.03 sanctions as part of her motion to enforce the consent judgment. A trial court errs when it grants a request for sanctions that is not "made separate from" other motions. *Town & Country Appraisals,* 244 S.W.3d at 190. Additionally, Plaintiff's request for sanctions was premature because she filed it

less than 30 days after Defendants filed their motion to set aside the consent judgment. "Filing a motion for sanctions with the court prior to the expiration of the 30–day period leaves the court without authority to rule on the motion." *Peachtree Apartments v. Pallo,* 317 S.W.3d 189, 193 n. 3 (Mo.App. E.D.2010) (quotation omitted). Point granted.

### Conclusion

We affirm the judgment in part and reverse the imposition of sanctions.

ROBERT M. CLAYTON III, J., and GEORGE W. DRAPER III, Sp.J., concur.

---

7. Alternatively, a trial court may initiate sanctions itself by entering an order against a party to show cause that it has not violated Rule 55.03(c). Rule 55.03(d)(1)(B).